United States Court of Appeals,

Eleventh Circuit.

No. 96-8212

Non-Argument Calendar.

Donald A. VINING, Plaintiff-Appellant,

v.

 Marvin T. RUNYON, Jr., Postmaster General, U.S. Postal Service,
Defendant-Appellee.

Nov. 20, 1996.

Appeal from the United States District Court for the Middle
District of Georgia. (No. 3:94-CV-64-DF), Duross Fitzpatrick, Chief
Judge.

Before KRAVITCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Donald Vining, proceeding *pro se,* appeals the district court's
order granting appellee's motion for summary judgment on his
complaint against the Postmaster General of the United States
alleging termination on the basis of race and in retaliation for
prior EEOC activity, in violation of Title VII of the Civil Rights
Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Vining claims that
the district court erred when it considered information obtained *ex
parte* and *in camera* in deciding the merits of this motion. Vining
also appeals the district's order denying his motion for
appointment of counsel.

I.

In order to demonstrate that similarly situated white
employees who committed nearly identical misconduct were
disciplined less severely than he was, Vining moved to compel the
production of the personnel records of four white former co-workers

who, like himself, had either absence or tardiness problems. Appellee opposed this motion, claiming that the information contained in the records was protected by the Privacy Act, 5 U.S.C. § 552a. Initially, the district court denied the request, concluding that Vining had not demonstrated that any previously undisclosed information in these files was directly relevant to the case.

After appellee moved for summary judgment, Vining again moved to compel the production of the personnel files of his co-workers and also requested the production of his own personnel file. The district court ordered that all of these personnel files be produced for an *in camera* review by the court, specifically noting that the files "are important for purposes of comparison to [Vining's] case." After reviewing the evidence contained in these files, the district court granted appellee's motion for summary judgment and subsequently denied Vining's motion to compel as moot.

In its order granting summary judgment, the district court noted that the decision was made "after reviewing [the] evidence [contained in the personnel files] and considering the briefs filed by the parties." Moreover, in finding that Vining was not similarly situated to white employees who had been retained, the district court specifically referenced the personnel records and relied on evidence obtained during the *in camera* inspection of these files. For example, it relied on the number of absences documented in one personnel record and noted that another

"personnel record is devoid of any disciplinary letters."[1]

Vining claims that the district court erred when it refused to appoint him counsel and when it considered facts obtained during its *ex parte, in camera* examination of the personnel files in deciding the merits of his Title VII claim. Because we find no abuse of discretion in the denial of Vining's request for counsel, we affirm that order of the district court.[2] We therefore limit our discussion to the district court's use of information obtained during its *ex parte, in camera* review of the personnel files.

## II.

This Court has recognized that "[o]ur adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case." *Application of Eisenberg,* 654 F.2d 1107, 1112 (5th Cir. Unit B Sept. 1981).[3] The right to due process "encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Id.; see also Lynn v. Regents of the University of California,* 656 F.2d 1337, 1346 (9th Cir.1981) (holding that *in camera* review of tenure file for purpose

[1]This information is not contained in the parties' statement of facts nor can it otherwise be located in the record.

[2]In denying Vining's request, the district court relied on the EEOC's conclusion that he had not raised a *prima facie* case of discrimination and Vining's exceptional ability to understand and present his own claims. These are appropriate factors to consider in determining whether or not to appoint counsel in a Title VII case and, taken together, provide ample support for the district court's decision. *Hunter v. Dept. of the Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir.1988) (per curiam). We therefore find no abuse of discretion.

[3]The Eleventh Circuit, in the *en banc* decision of *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

of assisting factual determination in Title VII action violates due process), *cert. denied,* 459 U.S. 823, 103 S.Ct. 53, 74 L.Ed.2d 59 (1982).

Although a judge freely may use *in camera, ex parte* examination of evidence to prevent the discovery or use of evidence, consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in camera* resolution of the dispute. *Abourezk v. Reagan,* 785 F.2d 1043, 1061 (D.C.Cir.1986), *aff'd by an equally divided Court,* 484 U.S. 1, 108 S.Ct. 252, 98 L.Ed.2d 1 (1987). Neither of these exceptional circumstances is present in this case. Therefore, we conclude that the district court erred in using information obtained in its *ex parte, in camera* examination of the personnel files to judge the merits of Vining's Title VII claim, and we remand the case for a reconsideration of Vining's summary judgment motion.

On remand, the district court must first rule on Vining's motion to compel. This court has held that it is error for a district court to decide a summary judgment motion before ruling on an outstanding motion to compel.[4] *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 871 (11th Cir.1988) (rejecting argument that grant of summary judgment made discovery

---

[4]Although Vining acknowledged that his second motion to compel was made after the discovery period had ended, the court entertained the motion by ordering the requested files submitted *in camera.* The court's subsequent order vacating the request as moot further indicates that the motion remained outstanding at the time summary judgment was granted.

request moot). A premature decision on summary judgment impermissibly "deprive[s] the plaintiffs[ ] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion." *Id.* Because the district court has already determined that the files are "important for purposes of comparison," it need only determine whether the information contained in the files is, as appellee claims, protected by the Privacy Act.

If the district court finds that the information in the files, or at least some portion of it, is not protected by the Privacy Act, the court must provide Vining with the appropriate materials and allow him to review the materials and to file any necessary opposing affidavits. *See Snook,* 859 F.2d at 871. If, on the other hand, the district court concludes the materials are not discoverable, it must reconsider appellee's summary judgment motion without relying on the information contained in these files. *See Association for Reduction of Violence v. Hall,* 734 F.2d 63, 67 (1st Cir.1984) (reversing grant of summary judgment and remanding for ruling on the motion "without relying on any privileged materials").

### III.

The district court's order granting appellee's motion for summary judgment is therefore VACATED, and this case is REMANDED to the district court for a ruling on appellant's motion to compel and a reconsideration of appellee's motion for summary judgment.