[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12931
Non-Argument Calendar

_____

D. C. Docket No. 06-04662-CV-AR-S-TMP

JIMMY DOYLE HINDMAN,

Plaintiff-Appellant,

versus

PAUL HEALY,
F.B.I. Agent in official capacity,
JEFFERY DOWDY,
F.B.I. Agent in official capacity,
HEATHER SEUBERT,
F.B.I. Agent in official capacity,
RANDY KING,
Deputy,
JOHN SHROPSHIRE,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 16, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Jimmy Doyle Hindman appeals the district court's dismissal of his *pro se* complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). He brought suit against Federal Bureau of Investigation ("FBI") agent Paul Healy, FBI agent Jeffery Dowdy, FBI Analyst Heather Seubert, Deputy Randy King of the Limestone Co. Police Department, Court Reporter Christina Decker, and five other individuals alleging violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Hindman alleged that the defendants engaged in activities designed to elicit fraudulent statements in order to obtain search warrants for his house and person, to arrest him, and to use at his criminal trial.

## I.

We review *de novo* the district court's order of dismissal pursuant to 28 U.S.C. § 1915A, taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1908 (2007).

The standards that apply to a dismissal under Fed.R.Civ.P. 12(b)(6) apply to a dismissal under § 1915A(b)(1). *Jones v. Bock*, 549 U.S. 199, ___, 127 S. Ct.

2

910, 920-21, 166 L. Ed. 2d 798 (2007); *see also Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001) (finding that the language in § 1915A(b)(1) "mirrors" the language in dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) which "tracks" the language in Fed.R.Civ.P. 12(b)(6)). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones*, 549 U.S. at __, 127 S. Ct. at 920. A plaintiff's factual allegations, when assumed to be true, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). An allegation must plausibly suggest, and not merely be consistent with, a violation of the law. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1966).

We hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys, however, and construe them liberally. *Boxer X*, 437 F.3d at 1110. We may affirm a decision of the district court on any ground supported by the record. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Every person who, under color of any statute of any state subjects or causes to be subjected a citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the

3

injured party.  42 U.S.C. § 1983.  Section 1983 does not apply to federal actors acting under color of federal law.  *District of Columbia v. Carter,* 409 U.S. 418, 424-25, 93 S. Ct. 602, 606, 34 L. Ed. 2d 613 (1973).  *Bivens* provides a remedy for constitutional violations when federal actors are involved, but not federal agencies.  *Bivens*, 403 U.S. at 397, 91 S. Ct. at 2005; *F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 1006, 127 L. Ed. 2d 308 (1994).  *Bivens* actions are brought directly under the Constitution where no alternative methods of obtaining redress exist.  *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004).  We have stated that "[a] *Bivens* action is analogous to § 1983 suits against state and local officers." *Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003).

The Supreme Court has held that a claim for damages under § 1983 is not cognizable where success on the claim would render the underlying conviction or sentence invalid.  *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  The same holds true of actions brought under *Bivens*. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).  *Heck* does not generally bar claims under the Fourth Amendment for an illegal search, but it can bar a suit where the Fourth Amendment claim would negate an element of the offense. *Hughes v. Lott*, 350 F.3d 1157, 1161, 1160 n.2 (11th Cir. 2003).

In *Heck*, the Supreme Court noted that § 1983 created a species of tort

liability and that analyzing a claim is similar to analyzing the underlying tort. *Heck*, 512 U.S. at 483, 114 S. Ct. at 2370-71. In *Heck*, the Supreme Court likened the suit at issue in that case to one for malicious prosecution, and noted that permitting a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through a civil suit. *Id.* at 484, 114 S.Ct. at 2371. In the interest of finality and consistency, the Supreme Court has generally declined to expand opportunities for collateral attack. *Id.*

In *Abella*, the plaintiff brought a suit under *Bivens* against various defendants including federal judges, U.S. Customs and DEA officials, court reporters and others and alleged that the defendants conspired to convict him falsely by fabricating testimony and other evidence against him in violation of his Fifth, Sixth and Eighth Amendment Rights. *Abella*, 63 F.3d at 1064. We held that Abella's claims rested on the contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit and judgment in favor of him on these claims would necessarily imply the invalidity of his conviction. *Id.* at 1065.

Because success on Hindman's claims would necessarily result in the invalidity of his conviction, we conclude that the district court properly dismissed as barred by *Heck* claims 1 - 25 and 27 - 40.

5

II.

"We review standing determinations *de novo*." *Tanner Adver. Group, L.L.C. v. Fayette County, Georgia*, 451 F.3d 777, 784 (11th Cir. 2006) (*en banc*).

"A plaintiff who invokes the jurisdiction of a federal court bears the burden to show [the Constitutional limitations on standing:] '(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Tanner Adver. Group*, 451 F.3d at 791 (citation omitted).

Because Hindman did not assert a violation of his constitutional rights, we conclude that he did not have standing to bring claim 26 for a violation of his acquaintance's right to privacy.

III.

Hindman argues that the district court failed to consider his claim that Decker, the court reporter, defrauded him out of $89.00 and intentionally delivered a false transcript of the April 2006 hearing.

Under the Court Reporter Act, 28 U.S.C. § 753(b), all proceedings in criminal cases must be recorded verbatim. 28 U.S.C. § 753(b). Prisoners have a right of access to the court files of their underlying criminal proceedings but this

6

right does not attach until a prisoner has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding. *Hansen v. U.S.*, 956 F.2d 245, 248 (11th Cir. 1992). The normal remedy for a violation of 753(b) is reversal and a new trial if there is a showing of a prejudicial effect on appeal. *See White v. State of Fla. Dept. of Corrections*, 939 F.2d 912, 914 n. 4 (11th Cir. 1991).

The Federal Torts Claim Act ("FTCA") provides a limited waiver of sovereign immunity making the United States liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). Under § 2680(h), however, a number of claims are exempted from the waiver of sovereign immunity including those arising out of misrepresentation, deceit, or interference with contract rights. *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1264 (11th Cir. 2000).

Regardless of whether the district court explicitly or implicitly considered this claim, the claim is due to be dismissed because Hindman failed to state a claim. Neither of Hindman's claims regarding Decker support a federal cause of

action.  Without a basis for a constitutional violation, Hindman cannot state a claim under *Bivens*.  Moreover, Hindman cannot support a claim under § 1983 because he alleged that Decker was a federal actor, not a state actor.  Accordingly, the district court properly dismissed this claim.

IV.

"We review *de novo* questions concerning jurisdiction."  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).  We are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).  We generally review the denial of a motion to amend a complaint for an abuse of discretion but review questions of law *de novo*.  *Williams v. Board of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Fed.R.App.P. 3(c) requires that a notice of appeal "designate the judgment, order or part thereof appealed from" and ordinarily the failure to abide by this requirement "will preclude the appellate court from reviewing any judgment or order not so specified."  *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986).  We have liberally allowed appeals from orders not expressly designated in the notice of appeal at least where the order was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal.

8

*Id.* Appellate Rule 3(c) "requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed." *Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).

Because the notice of appeal failed to include the order denying the second motion to amend, we conclude that we lack jurisdiction to consider the order on appeal.

For the aforementioned reasons, we affirm the judgment of dismissal.

**AFFIRMED.**