[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14640
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00733-CV-LSC-S

ROLAND ALLEN,

                                                    Plaintiff-Appellant,

versus

US EEOC OFFICE,

                                                    Defendant-Appellee,

C EMANUEL SMITH,

                                                    Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 24, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Roland Allen, proceeding *pro se*, appeals the district court's order denying his motion for summary judgment and granting a cross-motion for summary judgment to the Equal Employment Opportunity Commission ("EEOC") on Allen's claim brought under 42 U.S.C. § 1983 and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Allen's amended complaint alleges that the EEOC failed to comply with the FOIA by denying his request for a copy of his EEOC investigative file concerning a charge of discrimination he had filed that was pending with that agency. He also complains that the EEOC failed to provide him a right to sue letter. As to the FOIA claim, the district court granted summary judgment to the EEOC because Allen failed to exhaust his administrative remedies. With regard to the § 1983 claim, the district court granted summary judgment to the EEOC because § 1983 does not apply to actions taken by federal agencies.

We review *de novo* the district court's grant of summary judgment, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is

no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citation omitted).

Allen has not established that the district court erred when it granted the EEOC's motion for summary judgment. The FOIA requires a federal agency, upon request for records that reasonably describes documents held by that agency, to make those documents promptly available to any person unless the information within the records is protected from disclosure by a statutory exemption. 5 U.S.C. § 552(a)(3), (b). However, a requesting party must "exhaust all administrative remedies before seeking redress in the federal courts." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citation omitted).

The EEOC provided evidence establishing that Allen failed to exhaust his administrative remedies before filing suit in the district court. As the district court noted, the EEOC was still investigating Allen's charge at the time he filed his FOIA request, and the EEOC cited FOIA exemptions applying to Allen's request. The EEOC's motion for summary judgment was accompanied by an affidavit from its regional counsel advising Allen that he could appeal the denial in writing to the

EEOC's Office of Legal Counsel in Washington, D.C., within thirty days. Allen submitted no evidence to the district court demonstrating that such an appeal was filed. Thus, he failed to come forward with evidence demonstrating that he exhausted his administrative remedies, or to otherwise explain to the court why an exhaustion exemption applied. Therefore, he failed to meet his burden of establishing that there was a genuine issue of material fact, and the district court, consequently, did not err when it granted summary judgment in favor of the EEOC.

We also find no error in the district court's dismissal of the § 1983 claim against the EEOC, a federal agency, because as the district court correctly notes, "[s]ection 1983 does not apply to federal actors acting under color of federal law." *Hindman v. Healy*, 278 F. App'x. 893, 895 (11th Cir. 2008) (per curiam) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973)).

Allen also argues on appeal that the district court erred by ruling on the motions for summary judgment before ruling on his motion for documents. Allen had filed a motion for an extension of time to file discovery, prior to summary judgment, in which he again requested that the EEOC provide him with copies of his investigative file.

We review a district court's decision to grant summary judgment prior to

4

ruling on other outstanding motions for abuse of discretion. *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) (per curiam). Summary judgment may not be proper until after the district court rules on outstanding discovery motions. *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) (per curiam). Where "the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (citation omitted). Under Fed. R. Civ. P. 56(f), "[t]he party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion." *Reflectone*, 862 F.2d at 843. "In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) . . . in order to invoke the protection of that Rule." *Snook*, 859 F.2d at 871. "However, the party opposing the motion for summary judgment bears the burden of calling to the district court's attention any outstanding discovery." *Id.* (citation omitted).

Here, the district court did not abuse its discretion by granting summary judgment before ruling on Allen's outstanding discovery motion because Allen did not alert the court that he needed the discovery in order to respond to the EEOC's

5

motion for summary judgment, and because the information Allen sought was not, in fact, relevant to the issue – exhaustion – raised by the motion for summary judgment.

Finding no error, we affirm.

**AFFIRMED.**