City National Bank, successor-in-interest to   :
       Imperial Capital Bank

             v.              :

Main and West, LLC et al.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

City National Bank, successor-in-interest to    :
      Imperial Capital Bank

              v.                                  :

    Main and West, LLC et al.               :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  Main and West, LLC, Thomas C. Riley, and Deborah

J. Stebenne (collectively, defendants) appeal from the entry of summary judgment in the

Superior Court in favor of City National Bank (plaintiff or CNB).  Judgment entered in the sum

of $348,243.24, plus interest, costs, and attorney's fees for a deficiency on a promissory note.

This case came before the Supreme Court for oral argument on December 4, 2014, pursuant to an

order directing the parties to appear and show cause why the issues raised in this appeal should

not summarily be decided.  After carefully reviewing the record, we are satisfied that this appeal

may be resolved without further briefing or argument.  For the reasons set forth in this opinion,

we vacate the decision of the Superior Court and remand for a new hearing on plaintiff's

summary-judgment motion.

### Facts and Travel

On October 27, 2004, Imperial Capital Bank (Imperial) extended a loan (the loan) to

Main and West, LLC (Main and West) in the principal sum of $607,500. That same day, Main

and West signed a promissory note (the note), as security for the loan.  Also, Thomas C. Riley

and Deborah J. Stebenne personally guaranteed the loan (the guaranty).  Under the terms of the

note, Main and West was obligated to make monthly payments in accordance with a schedule set forth in the note. Apparently, Main and West failed to make the monthly payments and defaulted on the note. After the default, plaintiff—who had acquired the loan after Imperial dissolved in 2009—filed suit seeking full payment of defendants' outstanding obligations.[1] The plaintiff contended (1) that it was the holder of the note and the guaranty; (2) that defendants failed to make payments and defaulted under the terms of those instruments; and (3) that defendants owed plaintiff the principal sum of $386,898.24, plus interest, under the note and the guaranty.

On June 8, 2012, plaintiff moved for summary judgment and, in support of its motion, submitted an affidavit from Jason Baker (Baker), a Vice President of CNB.[2] The plaintiff asserted that CNB had acquired the loan, the note, and the guaranty from the Federal Deposit Insurance Corporation (the FDIC), which had been appointed as Imperial's receiver when Imperial closed in 2009. The plaintiff also argued that the FDIC, under a limited power of attorney, had indorsed the note and assigned the mortgage securing the note to plaintiff. Thus, plaintiff avowed that no material facts were in dispute and its motion for summary judgment should be granted.

Subsequently, defendants sent plaintiff a discovery request, seeking that plaintiff designate individuals to testify on sixty-seven topics and produce over one hundred documents. The plaintiff moved for a protective order, arguing that some of the subject matter and document requests sought to be discovered involved schedules and exhibits about the purchase and

---

[1] The plaintiff's original complaint alleged that it was the successor-in-interest to Imperial. However, plaintiff amended its complaint, clarifying that it "acquired its interest [directly] from the FDIC and not as an acquisition of Imperial * * *."

[2] The plaintiff attached, to Baker's affidavit, a copy of the note, an allonge, a limited power of attorney, the guaranty, and an assignment.

assumption agreement entered into by plaintiff and the FDIC. The plaintiff alleged that these schedules and exhibits contained information about other borrowers that was "highly sensitive, confidential, and irrelevant to the instant action." The defendants filed a motion to compel, and, on September 17, 2012, a magistrate of the Superior Court granted plaintiff's motion for a protective order and denied defendants' motion to compel.

On October 16, 2012, a trial justice of the Superior Court heard arguments on plaintiff's motion for summary judgment. The defendants argued that a question of fact existed as to whether the FDIC obtained defendants' loan from Imperial and, if so, whether their loan was in fact sold to plaintiff. The plaintiff argued that no question of fact existed as to whether the loan had been transferred, citing Baker's affidavit which attested to that fact. Additionally, according to plaintiff, an allonge and assignment also were attached to the affidavit, which indicated that the loan had been assigned to plaintiff. After hearing counsels' arguments and reviewing the allonge, assignment, and affidavit, the trial justice found that summary judgment was appropriate in this case. However, rather than grant summary judgment, the trial justice conditioned the order on the production of a protected document—to be reviewed in camera—which, plaintiff argued, would also establish that the loan had been transferred to CNB.[3]

After reviewing the document in camera and denying defense counsel's request to view the document, the trial justice then granted summary judgment. The defendants timely appealed.[4] Before this Court, defendants assert that the trial justice erred in granting plaintiff's

---

[3] It was disclosed at oral argument that the document reviewed in camera by the trial justice was a redacted Schedule 4.15A and 4.15B of the Purchase and Assumption Agreement between the FDIC and plaintiff.

[4] Although defendants prematurely filed a notice of appeal on November 14, 2012, final judgment eventually entered. Accordingly, we considered it ultimately sufficient to consider the

- 3 -

motion for summary judgment because he considered, among other documents, an exhibit that was viewed in camera, without having afforded defense counsel an opportunity to review it. For the reasons set forth below, we vacate the trial justice's decision and remand with instructions.[5]

**Standard of Review**

"[T]his Court reviews a grant of summary judgment de novo." Long v. Dell, Inc., 93 A.3d 988, 995 (R.I. 2014) (quoting Sullo v. Greenberg, 68 A.3d 404, 406 (R.I. 2013)). "We examine the case 'from the [same] vantage point of the trial justice who passed on the motion for summary judgment, [and] [w]e view the evidence in the light most favorable to the nonmoving party * * *.'" Id. (quoting Sullo, 68 A.3d at 406). "Summary judgment is appropriate only when 'there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as [a] matter of law.'" Id. at 995-96 (quoting Sola v. Leighton, 45 A.3d 502, 506 (R.I. 2012)).

**Analysis**

The defendants assert that it was error for the trial justice to consider a document that had been reviewed in camera, because defense counsel had not been given an opportunity to review or rebut the exhibit. After a thorough review of the record, we conclude that the trial justice erred when he based his decision to grant plaintiff's summary judgment on a document viewed in camera without providing defense counsel an opportunity to view the document. Accordingly, we vacate and remand.

---

issues before this Court. See Toegemann v. City of Providence, 21 A.3d 384, 386 n.3 (R.I. 2011).

[5] Having vacated the trial justice's decision, we find it unnecessary to address the other issues raised by defendants' appeal.

"Our system of justice does not encompass ex parte determinations on the merits of cases in civil litigation." Association for Reduction of Violence v. Hall, 734 F.2d 63, 67 (1st Cir. 1984) (quoting Kinoy v. Mitchell, 67 F.R.D. 1, 15 (S.D.N.Y. 1975)); see also Vining v. Runyon, 99 F.3d 1056, 1057 (11th Cir. 1996).[6] "The right to due process 'encompasses the individual's right to be aware of and refute the evidence against the merits of his case.'" Vining, 99 F.3d at 1057 (quoting Application of Eisenberg, 654 F.2d 1107, 1112 (5th Cir. 1981)). Although a trial justice may examine materials in camera, in order "to prevent the discovery or use of evidence, consideration of in camera submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for in camera resolution of the dispute." Id. None of those circumstances are present in this case.

Here, the trial justice apparently conditioned the order granting summary judgment upon his review—in camera—of a document that had been previously deemed protected and nondiscoverable. The trial justice failed to provide defense counsel with an opportunity to review the document, even though the document had been redacted so that only information pertaining to the transfer of Main and West's loan was included. When finally granting plaintiff's motion, the trial justice stated that, "[b]ased on the submissions and reviewing the entire document, [in camera,] the [c]ourt is satisfied that the bank has shown that this loan was, in fact, transferred." The trial justice reiterated that, "based on the [c]ourt's in camera review, the summary judgment motion is granted." We deem this error.

---

[6] We have found no case in this jurisdiction which addresses defendants' argument. However, Rule 56 of the Superior Court Rules of Civil Procedure is patterned on Rule 56 of the Federal Rules of Civil Procedure. Therefore, decisions of the federal courts, interpreting the federal rule which is identical to our own, can guide and consequently has guided this Court's interpretation of Rule 56. See Egan's Laundry & Cleaners, Inc. v. Community Hotel Corp. of Newport, R.I., 110 R.I. 719, 721, 297 A.2d 348, 350 (1972).

Because it was inappropriate for the trial justice to review and rely on a document not shown to defense counsel, we deem it necessary to vacate the summary judgment and remand the case to the Superior Court. After counsel has been provided access to the redacted document reviewed <u>in camera</u> by the trial justice, the Superior Court is to conduct a new hearing on summary judgment.

## Conclusion

For the reasons stated above, we vacate the judgment and remand this case to the Superior Court with directions for the Superior Court to conduct a new hearing on the plaintiff's summary judgment motion, after defense counsel is afforded an opportunity to review the redacted document previously viewed <u>in camera</u>. The papers in this case may be remanded to the Superior Court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** City National Bank, successor-in-interest to Imperial Capital Bank v. Main and West, LLC et al.

**CASE NO:** No. 2013-150-Appeal.
(WC 12-93)

**COURT:** Supreme Court

**DATE OPINION FILED:** January 12, 2015

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiff: Ryanna T. Capalbo, Esq.

For Defendants: John B. Ennis, Esq.