279 A.2d 438.

ROSA FULLER *vs.* THE HOUSING AUTHORITY OF THE
CITY OF PROVIDENCE.

JULY 22, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. The defendant Housing Authority operates a large housing development in South Providence. The development consists of over 25 separate apartment buildings all of which are situated on a large somewhat rectangular parcel of land. The parcel is bounded on all its four sides by various public highways. Running throughout the parcel are common passageways called service lanes. They provide ingress to the various apartment buildings and egress to the public highways for the tenants, vehicles and visitors who come onto the development's premises.

The plaintiff, a widow in her seventies, has been a long-time tenant of defendant. She was injured on Monday, January 31, 1966, when, as she was returning home from work at approximately 11:30 p.m., she slipped and fell on the icy snow-covered service lane. The record shows that on the previous day, Sunday, January 30, 1966, more than five inches of snow had fallen in the Providence area. The defendant made no effort to remove the snow from the lane where plaintiff fell.

This suit is a negligence action. It was tried to a Superior Court jury. At the conclusion of plaintiff's case the trial justice granted defendant's motion for a directed verdict. The trial court's action was based on the holding made in *Pomfret* v. *Fletcher*, 99 R. I. 452, 208 A.2d 743, where a majority of the court decided that a landlord owed no duty to his tenant to remove snow and ice which had naturally accumulated on the common ways controlled and maintained by the landlord.

The sole issue presented by this appeal is whether we should affirm the ruling in *Pomfret* or should we now adopt a rule which would hold the landlord responsible for in-

juries sustained by his tenant which are attributable to a natural accumulation of ice and snow on the common premises.

In *Pomfret,* the majority adopted what is known in the snow and ice facet of landlord-tenant law as the Massachusetts Rule, so described because it was first set forth in *Woods* v. *Naumkeag Steam Cotton Co.,* 134 Mass. 357 (1883). It states that a landlord is under no duty to his tenant to remove from common passageways or stairs any natural accumulation of snow and ice.

The Connecticut Supreme Court of Errors in *Reardon* v. *Shimelman,* 102 Conn. 383, 128 A. 705 (1925), refused to follow the Massachusetts Rule and declared that a landlord owed a duty to his tenant to use reasonable care to see that the common areas are kept reasonably safe from the dangers created by an accumulation of snow and ice which is attributed to purely natural causes. The holding in *Reardon* is known as the Connecticut Rule.

When presented with the issue now before us, a majority of jurisdictions have followed the Connecticut Rule.[1] A collection of cases can be found in 26 A.L.R.2d 610 and its later case service. The text writers subscribe to the Connecticut Rule. 2 Harper & James, *The Law of Torts* §27:17 at 1516-1517 (1956); Prosser, *Law of Torts* (3d ed.) §63 at 420 (1964).

In Rhode Island, a possessor of land who leases a portion

---

[1]The following is a representative sampling of judicial thought on the issue before us. The courts adopting the Massachusetts Rule are: *Kilbury* v. *McConnell,* 246 Ark. 528, 438 S.W.2d 692; *Rosenberg* v. *Chapman Nat'l Bank,* 126 Me. 403, 139 A. 82; and *Davis* v. *Lindau,* 270 Wis. 218, 70 N.W.2d 686.

The Connecticut Rule has been adopted in the following instances: *Langley Park Apartments* v. *Lund,* 234 Md. 402, 199 A.2d 620; *Strong* v. *Shefveland,* 249 Minn. 59, 81 N.W.2d 247; *Dubreuil* v. *Dubreuil,* 107 N. H. 519, 229 A.2d 338; *Smith* v. *Monmaney,* 127 Vt. 585, 255 A.2d 674; *Langhorne Road Apartments, Inc.* v. *Bisson,* 207 Va. 474, 150 S.E.2d 540.

thereof and retains in his control any other portion which is used in common by his tenants, owes to his tenants the duty to maintain the retained portion in a reasonably safe condition consistent with its prospective use. *Reek* v. *Lutz*, 90 R. I. 340, 158 A.2d 145; *Allen* v. *William H. Hall Free Library*, 68 R. I. 80, 26 A.2d 751. This duty has been extended to include the proper maintenance of passageways or sidewalks outside the demised premises. *Lawton* v. *Vadenais*, 84 R. I. 116, 122 A.2d 138.

In explaining their adoption of the Massachusetts Rule, we find that the majority in *Pomfret* not only described it as being the one better suited to New England's "capricious winter climate," but also remarked that to hold otherwise would put "too great a burden upon a landlord." We believe that today a landlord, armed with an ample supply of salt, sand, scrapers, shovels and even perhaps a snow blower, can acquit himself quite admirably as he takes to the common passageways to do battle with the fallen snow, the sun-melted snow now turned to ice, or the frozen rain. We fail to see the rationale for a rule which grants a seasonal exemption from liability to a landlord because he has failed to take adequate precautions against the hazards that can arise from the presence of unshoveled snow or unsanded or salt-free ice found in the areas of his responsibility but yet hold him liable on a year-round basis for other types of defects attributable to the workings of mother nature in the very same portions of his property. If a landlord may be liable for a tenant's injury caused by a defect on a common premises such as a rusted handrail or a rotted step, why should he be released from liability where the injury is caused by a natural accumulation of snow and ice which is negligently permitted to remain upon the surface of the common passageway. To draw such a distinction, said the court in *Langhorne Road Apartments, Inc.* v. *Bisson, supra,* was "* * * to create in

the law another of those strange anomalies which, once created, live on to haunt successive legal generations."

The soundness of the Connecticut Rule becomes evident when one considers today's tendency for apartment-house living. In any one building are apt to be found tenants of all ages. Some may seldom wander far from the apartment complex. They should be furnished with reasonably safe common ways as they come and go to and from their apartments. One could see the difficulty if a tenant, faced with the Massachusetts Rule, sought to seek agreement among his fellow tenants for the sharing of the responsibility of removing snow and ice which have collected on the common premises. The landlord with a minimum of expense can and should attend to these details.

As we adopt the Connecticut Rule, we wish to emphasize that a landlord is not a guarantor for the safety of his tenants as they proceed along the common ways. What we do say, however, is that an accumulation of ice or snow upon those portions of the premises reserved for the common use of his tenants may make the landlord liable for injuries sustained by his tenant which are due to such an accumulation, provided the landlord knows, or should have known, of the condition and failed to act within a reasonable time thereafter to protect against injuries caused thereby. The mere accumulation of snow or ice does not ipso facto make the landlord liable; he must be given a reasonable time after the storm has ceased to remove the accumulation of snow or ice found on the common ways or to take such measures as will make the common areas reasonably safe from the hazards arising from such a condition. We would also point out that a tenant, who has at his disposal more than one route of ingress and egress to his premises, may not benefit from the Connecticut Rule if it be shown that he was aware that his landlord had furnished him with one reasonably safe approach to his dwell-

ing place but instead chose to travel on another yet un-shoveled or unsalted passageway.

The plaintiff's appeal is sustained. The judgment appealed from is vacated and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Paolino, with whom Mr. Justice Powers joins, dissenting. My participation with the majority in *Pomfret* v. *Fletcher,* 99 R. I. 452, 208 A.2d 743, was motivated by a conviction that the Massachusetts Rule referred to in *Pomfret* and adopted by us, rested on the proposition that in imposing on a landlord the duty to keep common passageways over which he retains control free from dangerous conditions, there should be a distinction between his failure to correct a dangerous condition which was the result of an act of nature and one which resulted from the attrition of time or human neglect.

Nothing in the reasoning of the majority's decision here persuades me that such a distinction is not valid.

*Matthew F. Callaghan, William F. Reilly,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, John W. Kershaw,* for defendant.