**Supreme Court**

No. 2012-69-Appeal.
(PC 10-4789)

Patricia Sullo                          :

        v.                              :

David Greenberg.                        :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Patricia Sullo     :

v.        :

David Greenberg.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on March 6, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  The plaintiff, Patricia Sullo (plaintiff or Sullo), brought suit against the defendant, David Greenberg, M.D. (defendant or Greenberg), seeking damages for injuries suffered after she fell on the entrance ramp to Greenberg's podiatric offices. The plaintiff fell when approaching the office during a winter storm.

The Superior Court granted summary judgment in favor of defendant on November 15, 2011.  Final judgment was entered on December 16, 2011.  The plaintiff appeals, claiming that a genuine issue of material fact exists, namely the presence of any ice or fallen snow on the entrance ramp at the time she fell; she alternatively claims that as her physician, Greenberg owed a heightened duty of care to her.  Having carefully reviewed the statements submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown and that the appeal may be decided at this time.  We vacate the judgment and remand this case to the Superior Court.

- 1 -

## Facts and Travel

The plaintiff had been a patient of defendant as a result of an injured tendon in her left leg suffered at her work. Greenberg performed surgery on Sullo's left leg and foot in October 2007. The injury that is the focus of this appeal occurred in November 2007 when Sullo was returning for her first post-operative appointment.

On the day of her appointment, her mother-in-law drove plaintiff from her home in Coventry to Greenberg's office in Pawtucket. In her deposition testimony, plaintiff averred that the weather was a mix of rain and snow and that the roads were wet.[1] Greenberg's office was accessible by a pair of ramps, as well as by a set of stairs. The plaintiff used the ramps because she was ambulating with the aid of crutches, and her left foot was in a soft cast. Sullo alleged that, after ascending the two ramps and walking across a wooden walkway towards the office door, her left crutch slipped on the wet wood, causing her to fall hard on her left leg and foot. In her complaint, plaintiff claimed that she had slipped on accumulated snow, but during her deposition she testified that the wood surface was wet from rain and snow but was not "slushy."

According to plaintiff, after she fell, Greenberg and his staff helped her into the building, placed her in an examination room, and left her until the pain began to subside. She testified that Greenberg did not examine her, but advised her at her next appointment that her foot was healing properly. Because plaintiff's foot pain persisted, she continued to receive treatment for her leg and foot injury from defendant and later from an orthopedic surgeon, who subsequently informed her that her injuries were permanent. The plaintiff alleges that the severity and permanent nature

---

[1] Sullo's statements regarding the weather varied during the course of litigation. In her complaint, she stated that snow was accumulating. In her deposition, she testified that it was a mix of rain and snow and that the ground and walkway were just wet with no accumulation. In her prebriefing statement to this Court, she contends that it was not snowing when she arrived at Greenberg's office.

of her injuries were a proximate result of the fall outside of defendant's office in November 2007.

In August 2010, plaintiff filed suit against Greenberg, claiming that he was negligent in failing to treat the walkway, thereby causing her fall and resulting injuries. Greenberg's motion for summary judgment was granted on November 15, 2011. The trial justice concluded, based on the pleadings and discovery materials, that there was no dispute that the storm on the day of Sullo's fall included snow. Relying on "the Connecticut Rule" regarding the duty to clear fallen snow from walkways, a rule that has been adopted by this Court, see Fuller v. Housing Authority of Providence, 108 R.I. 770, 772, 279 A.2d 438, 440 (1971) (citing Reardon v. Shimelman, 128 A. 705 (Conn. 1925)), and allows a business invitor to wait until a snowstorm has ended to undertake snow removal and surface treatment, the trial justice held that defendant was justified to wait until the storm had ended before taking action to treat his office entrance. He further held that there was nothing about the circumstances before him to warrant a heightened duty of care owed by Greenberg to plaintiff and other invitees. The plaintiff timely appealed.

## Standard of Review

"[T]his Court reviews a grant of summary judgment de novo." Sacco v. Cranston School Department, 53 A.3d 147, 149-50 (R.I. 2012) (quoting Moore v. Rhode Island Board of Governors for Higher Education, 18 A.3d 541, 544 (R.I. 2011)). Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, "[w]e view the evidence in the light most favorable to the nonmoving party, and 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]' we will affirm the judgment." Id. at 150 (quoting Moore, 18 A.3d at 544).

Although summary judgment is recognized as an extreme remedy, <u>Mutual Development Corp. v. Ward Fisher & Co.</u>, 47 A.3d 319, 323 (R.I. 2012) (citing <u>Young v. Warwick Rollermagic Skating Center, Inc.</u>, 973 A.2d 553, 557 (R.I. 2009)), to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that "prove[s] the existence of a disputed issue of material fact[.]" <u>Id.</u> (quoting <u>Hill v. National Grid</u>, 11 A.3d 110, 113 (R.I. 2011)).

**Analysis**

On appeal, plaintiff raises two arguments: (1) there is a genuine issue of material fact as to whether the storm in question was a snowstorm that would trigger the Connecticut Rule and thus allow a reasonable time to treat walkways, and (2) the motion justice erred in failing to recognize a heightened duty of care owed by defendant as plaintiff's physician.

**Genuine Issue of Material Fact Regarding the Storm**

In order to demonstrate negligence, "a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff," in addition to a breach of that duty, injury, and a causal link between the breach and the injury. <u>Willis v. Omar</u>, 954 A.2d 126, 129 (R.I. 2008) (quoting <u>Mills v. State Sales, Inc.</u>, 824 A.2d 461, 467 (R.I. 2003)). In this case, the trial justice granted summary judgment, having concluded that Greenberg did not owe a duty to plaintiff to treat the entranceway to his building. We are not persuaded that the trial justice had before him the requisite uncontested facts that are necessary to reach this conclusion.

The trial justice based his findings on an application of the Connecticut Rule, which sets forth the duty of a landlord or business invitor regarding treatment of surfaces during and after a snowstorm. <u>Benaski v. Weinberg</u>, 899 A.2d 499, 502 (R.I. 2006) (citing <u>Fuller</u>, 108 R.I. at 772, 279 A.2d at 440). Under the Connecticut Rule, a landlord or business invitor clearly has a duty

to his tenants or invitees to clear snow accumulation and treat surfaces impacted by a storm. Id. at 502 (citing Fuller, 108 R.I. at 772, 279 A.2d at 440). However, this duty does not arise until a reasonable time after the storm has ended. Id. at 503 (citing Fuller, 108 R.I. at 774, 279 A.2d at 441); see also Barenbaum v. Richardson, 114 R.I. 87, 93, 328 A.2d 731, 734 (1974).

The purpose of the Connecticut Rule is to allow landlords or business invitors a reasonable time to clear a natural accumulation of snow and ice after winter storms typical of an area like New England. See Berardis v. Louangxay, 969 A.2d 1288, 1292 (R.I. 2009) (citing Benaski, 899 A.2d at 503). The landlord or business invitor is not required to "catch[ ] the flakes before they hit the ground." Id. at 1293 (quoting Benaski, 899 A.2d at 503). Because the rationale is to allow a reasonable time to treat surfaces rather than ineffectually fight a continuing storm, the Connecticut Rule is intended to apply to ongoing winter storms resulting in an accumulation of snow, ice, or frozen rain. See Barenbaum, 114 R.I. at 89, 93, 328 A.2d at 732, 734 (Connecticut Rule applies to a "'slight dusting' which melted rapidly").

Here, plaintiff contends that the Connecticut Rule addresses a business invitor's duty to remove snow from the walkway. However, plaintiff claims that the walkway where she fell was wet rather than covered with accumulated snow. In contrast, Greenberg points out that it was snowing at the time of Sullo's appointment and that Sullo herself admitted this fact. Because of this disagreement, Sullo argues that there is a genuine issue of material fact and that, therefore, the trial justice erred in granting summary judgment. We agree that there exists a genuine issue of fact about the extent of the snow, if any, particularly at the location where plaintiff fell.

The plaintiff contends on appeal that she fell because the walkway was wet and slippery, and her complaint alleges that she "slip[ped] on snow that had accumulated on the surface of the entrance ramp[.]" Additionally, in her deposition, plaintiff testified that the weather that day was

a mix of rain and snow that impacted the walkway although she claimed that there was no accumulated snow. The trial justice, having noted plaintiff's various descriptions of the weather, properly made no attempt to reconcile these disparities. However, viewing plaintiff's deposition testimony and the pleadings in a light most favorable to plaintiff, we are satisfied that a genuine issue of fact exists as to whether there was an accumulation of snow or ice sufficient to invoke the Connecticut Rule or whether, at the time plaintiff fell, the snow had turned to rain or it had ceased snowing. The only undisputed facts relevant to this case seem to be that plaintiff fell on a wet surface in mid-November during a precipitation event. These uncontested facts are insufficient to justify a grant of summary judgment based on the Connecticut Rule.

The existence of a legal duty is a question of law properly decided by the court. Ouch v Khea, 963 A.2d 630, 633 (R.I. 2009) (citing Martin v. Marciano, 871 A.2d 911, 915 (R.I. 2005)). However, the court must base its holdings on the facts of the case, either as undisputed by the parties or as decided by a jury. Berardis, 969 A.2d at 1291 (citing Benaski, 899 A.2d at 502). In this case, the parties disagree as to the extent of the storm on the day of Sullo's fall, which leaves unanswered the question of whether the Connecticut Rule controls as a matter of law. Therefore, additional factual findings are required to determine whether defendant was under a duty to treat his entranceway before the storm had ended, and the trial justice's grant of summary judgment was in error.

### Greenberg Did Not Owe a Heightened Duty of Care

The plaintiff additionally contends that, even if the Connecticut Rule ordinarily would protect a business invitor in Greenberg's position, the rule should not protect him in this case because plaintiff was owed a heightened duty of care by her physician. We disagree.

This Court has recognized that the Connecticut Rule relieves landlords and business

invitors of their duty to treat their premises "only in the absence of unusual circumstances." Terry v. Central Auto Radiators, Inc., 732 A.2d 713, 717 (R.I. 1999) (quoting Cooks v. O'Brien Properties, Inc., 710 A.2d 788, 792 (Conn. App. Ct. 1998)). When the business invitor has "exacerbated and increased the risk" to his or her business invitees, he or she then holds a heightened duty of care to the invitees. Id. at 718. This Court found an "unusual circumstance" in Terry. Id. at 717. There, the plaintiff brought her car to the defendant-mechanic's shop during a snowstorm. Id. at 714. When the plaintiff returned, the defendant instructed her to retrieve her car from a back lot that had been left untreated, where the plaintiff fell. Id. at 715.

This Court held that the defendant owed a heightened duty of care to the plaintiff because the defendant had moved her car to a more dangerous location, thereby exacerbating the risk to the plaintiff, an invitee. Terry, 732 A.2d at 717-18. Recognizing that the plaintiff had accepted some risk in coming to retrieve her car during a snowstorm, this Court emphasized that the risk she had anticipated—retrieving the car from the front lot—was "more limited" than the risk she was forced to incur—walking a greater distance through difficult terrain. Id. at 717.

Unlike the plaintiff in Terry, who found herself faced with a risk significantly greater than expected, Sullo should have anticipated having to traverse wet ground to enter Greenberg's office on the day of the storm. See Terry, 732 A.2d at 717-18. Greenberg did not exacerbate this risk. He took no action to change the distance or surface texture that Sullo encountered— unlike the defendant in Terry, who moved the plaintiff's car to a more treacherous location. See id. at 715. Sullo was not faced with the same Hobson's Choice that the plaintiff in Terry faced,[2]

---

[2] This Court noted that the Terry plaintiff was forced to choose between accepting the increased risk to retrieve her car from the back lot or returning home "as best she could" without her car. Terry v. Central Auto Radiators, Inc., 732 A.2d 713, 718 (R.I. 1999).

- 7 -

but could instead have changed her mind and rescheduled her appointment with Greenberg or waited for help from her mother-in-law before ascending the ramp.

Greenberg's status as the plaintiff's physician does not heighten the duty of care that he owes to her. Although a business invitor has a duty to provide reasonably safe public areas, the invitor need not become "a guarantor for the safety of his [invitees]." Benaski, 899 A.2d at 503 (quoting Fuller, 108 R.I. at 774, 279 A.2d at 441). That duty is not heightened simply because the invitor is a physician. Greenberg owed the plaintiff the duty of care of a physician in regard to his medical treatment of her leg and foot, and he owed her the standard duty of care of a business invitor in regard to his entranceway. See Willis, 954 A.2d at 129 (declining to "creat[e] a new frontier" by recognizing further social-host liability in the face of established precedent).

**Conclusion**

Having concluded that there is a genuine issue of material fact in this case, we hold that the plaintiff is entitled to her day in court. For the foregoing reasons, we vacate the judgment and remand this case to the Superior Court.


**TITLE OF CASE:**           Patricia Sullo v. David Greenberg.

**CASE NO:**                 No. 2012-69-Appeal.
(PC 10-4789)

**COURT:**                   Supreme Court

**DATE OPINION FILED:**  June 18, 2013

**JUSTICES:**               Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**             Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian Van Couyghen

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Jodi Gladstone, Esq.

For Defendant:  Elizabeth A. Bourke, Esq.