**Supreme Court**
No. 2013-219-Appeal.

| | |
|---|---|
| Bethany Moura | : |
| v. | : |
| OneWest Bank, FSB. | : |

**O R D E R**

The plaintiff appeals from a Superior Court summary judgment in favor of the defendant, OneWest Bank. This case came before the Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. The plaintiff raises several issues challenging the validity of the foreclosure sale of her property. At this time, we proceed to decide this case without further briefing and argument.

We review the granting of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Michael Moura v. Mortgage Electronic Registration Systems, Inc., 90 A.3d 852, 855 (R.I. 2014). We will affirm the judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. "[T]he burden is on the nonmoving party to produce competent evidence that 'prove[s] the existence of a disputed issue of material fact[.]'" Id. at 856 (quoting Sullo v. Greenberg, 68 A.3d 404, 407 (R.I. 2013)). "[T]he nonmoving party * * * cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Id. (quoting Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 532 (R.I. 2013)).

In this matter, the plaintiffs have failed to submit competent evidence demonstrating issues of material fact.  Further, we disagree with the plaintiffs' contention that the trial justice engaged in fact finding as to several issues.  What the trial justice did find was an absence of genuine issues with respect to each of the appellants' claims.

The plaintiff further contends that the Mortgage Electronic Registration Systems, Inc.'s status as nominee of the lender is not a recognized estate under Rhode Island Law, that the assignments were void because the mortgage and note were not united, and that the foreclosure was void for the same reason.  We rejected similar arguments in <u>Bucci v. Lehman Brothers Bank, FSB</u>, 68 A.3d 1069 (R.I. 2013) and <u>Mruk v. Mortgage Electronic Registration Systems, Inc.</u>, 82 A.3d 527 (R.I. 2013), and find these cases to be controlling here.

The plaintiff also claims that the assignments are void because they were signed by persons without authority to do so, and that an affidavit presented in support of the summary judgment motion was inadmissible.  Similar contentions were raised and rejected in <u>Moura v. Mortgage Electronic Registration Systems, Inc.</u>, 90 A.3d 852 (R.I. 2014), and we find no reason to deviate from our decision in that case.

Accordingly, the plaintiff's appeal is denied and dismissed.

Entered as an Order of this Court on this 25th day of September, 2014.

By Order,


_____/s/_____
Clerk

2



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Bethany Moura v. OneWest Bank, FSB.

**CASE NO:**    No. 2013-219-Appeal.

**COURT:**    Supreme Court

**DATE ORDER FILED:**    September 25, 2014

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    N/A – Court Order

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

    Associate Justice Bennett R. Gallo

**ATTORNEYS ON APPEAL:**

    For Plaintiff:  George E. Babcock, Esq.

    For Defendants:  Paul J. Bogosian, Jr., Esq.