April 8, 2025

**Supreme Court**

No. 2024-75-Appeal.
No. 2024-120-Appeal.
(PC 20-8313)

Sara Roman                      :

v.                              :

The City of Providence et al.   :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2024-75-Appeal.
No. 2024-120-Appeal.
(PC 20-8313)

Sara Roman                          :

v.                          :

The City of Providence et al.          :

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** In these consolidated appeals, the plaintiff, Sara Roman, appeals from two Superior Court judgments, the first in favor of the defendants, the City of Providence, Shomari Husband in his capacity as Treasurer for the City of Providence,[1] and Harrison Peters in his capacity as superintendent of Providence Public School District (collectively, the city), and the second in favor of the defendant K. Scott Construction & Disposal, Inc. (K. Scott), following the grant of each respective defendant's motion for summary judgment. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and

---

[1] Pursuant to Rule 25(d)(1) of the Superior Court Rules of Civil Procedure, Shomari Husband was automatically substituted for his predecessor after becoming the Treasurer for the City of Providence.

reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we vacate the judgment of the Superior Court in favor of the city and affirm the judgment of the Superior Court in favor of K. Scott.

## I

## Facts and Travel

The plaintiff filed a complaint in Providence County Superior Court on December 1, 2020, alleging that she sustained injuries when she slipped and fell "on untreated snow and ice on the premises" of Dr. Martin Luther King Jr. Elementary School in Providence. She filed an amended complaint on June 15, 2021, alleging three counts of negligence. In counts one and two, plaintiff alleged that the city breached its duty to maintain the premises in a safe condition. In count three, plaintiff alleged that K. Scott "entered into a contract" with the city on or about February 12, 2019, "for the application of salt/sand and snow removal" at the school and that K. Scott was negligent.

## The City

On March 29, 2023, the city filed a motion for summary judgment and a corresponding memorandum, asserting that it did not owe any duty to plaintiff at the time she fell because, under the Connecticut Rule, a landlord or business invitor's duty to remove snow accrued only after the snow stopped and there was a reasonable

opportunity to remove the hazardous condition.[2]  The city argued that it did not owe a duty to clear the area at the time plaintiff allegedly fell because its duty arose only after the snowfall ended and a reasonable time had passed.

The plaintiff filed an objection and supporting memorandum with exhibits. At the outset of her memorandum, she indicated that, "[o]n February 8, 2019, the weather rained 0.13 in precipitation. * * * The average temperature remained below 33 degrees out for February 9, 10, 11, and 12. * * * On February 12, the weather rained 0.92 precipitation and dropped 3.3 inches in new snow."  She argued that the city owed a duty of care under more than one theory.  First, plaintiff argued that the Connecticut Rule did not apply because she was not a business invitee or tenant. According to plaintiff, the city owed a duty of care pursuant to the factors established in *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222 (R.I. 1987).  Second, she argued that, even if the Connecticut Rule applied, the city owed a duty because she slipped on ice and a reasonable time had passed before the city treated the area.  Third,

---

[2] We note that this was the city's second motion for summary judgment.  The city's first motion for summary judgment was filed on February 24, 2021.  There, the city argued that it was not liable to plaintiff because the city had not been notified that snow and ice existed on the sidewalk pursuant to G.L. 1956 § 24-5-14, which it argued was a condition precedent.  The plaintiff opposed the motion, arguing  that § 24-5-14 did not apply because plaintiff slipped on ice that was not located on Camp Street or the sidewalk or, alternatively, there was a genuine issue of material fact as to whether the ice that plaintiff slipped on was on the sidewalk.  A justice of the Superior Court denied this first motion for summary judgment after he determined as a matter of law that the area where plaintiff alleged that she slipped and fell was not covered by the notice requirements of § 24-5-14.

plaintiff contended that the city owed a duty under the unusual circumstance exception to the Connecticut Rule.

In support of their respective arguments, plaintiff and the city relied on plaintiff's deposition testimony, which provides:

> "Q. Was it already snowing when you went to pick the kids up?
> "A. No. After I come out it start.
> "Q. Okay. When you fell, was there already snow on the ground?
> "A. No.
> "Q. So there was no snow when you fell?
> "A. It start -- it was, like, a little bit. Like, a little sprinkle (indicating). But when I got out, it was more on the floor; it was more snowing on the floor with the storm.
> " * * *
> "Q. Do you know what you fell on?
> "A. Yes, in the ice. Ice.
> " * * *
> "Q. So you said that the snowstorm was coming --
> "A. Yes.
> "Q.  -- and that there wasn't much snow on the ground?
> "A. Yes, but -- but when I get out, it was a lot of snow outside already when I get out because the storm coming that day.
> "Q. So when you went to go pick up your kids, you, you get to the school, you go inside to pick up your kids.
> "A. Uh-huh.
> "Q. When you went inside, was there snow on the ground?
> "A. Yes. Uh-huh.
> "Q. How much?
> "A. I don't remember how much. I don't remember. It was light.
> "Q. Do you know how long it had been snowing for?
> "A. No.
> "Q. Could you still see the cement?
> "A. No. Uh-uh.

"Q. Was there more than a couple of inches of snow?
"A. It was -- it was covered in, in the ice already.
"Q. Was it covered in ice or snow?
"A. The snow.  It covered in the snow. When I get out, it
was more snow.
" * * *
"Q. So had it been snowing for, like, more than an hour?
"A. Yes. Uh-huh.
" * * *
"Q. What caused you to fall? What did you fall on?
" * * *
"A. The snow.
"Q. Okay. How do you know it was the snow?
"A. Because I see it. It was the snow."

The plaintiff further testified, "It was covered in ice.  It was all covered in ice."  The questioning continued:

"Q. It was covered in ice?
"A. Yes, when I fell.
"Q. Did it have snow?
"A. Yes. All that, yup."

In addition to her deposition testimony, in her responses to interrogatories, plaintiff said that she "slipped and fell on ice which was hidden/covered by snow."

On August 8, 2023, a justice of the Superior Court (the first hearing justice) delivered a bench decision and granted the city's motion for summary judgment pursuant to the Connecticut Rule.  The parties did not argue at the hearing.

That same day, plaintiff filed a premature but valid notice of appeal.  On August 15, 2023, the first hearing justice entered an order granting the city's motion for summary judgment.  The first hearing justice also entered a so-titled "Consent

Judgment," which apparently was signed and presented by the parties.[3] It stated, first, that the court had granted the city's motion for summary judgment and thereby dismissed all counts of plaintiff's complaint against the city with prejudice. It also stated that the "decision [did] not in any way reach or [a]ffect the counts" against K. Scott, who remained a defendant in the case.

## K. Scott[4]

On September 15, 2023, K. Scott filed a motion for summary judgment, memorandum, and supporting documents. First, K. Scott argued that it "did not owe plaintiff a duty of care because it was not authorized by the city to enter onto the premises to clear snow and ice until after plaintiff's fall." Specifically, it asserted that

> "[t]he Plaintiff's deposition testimony regarding the
> approximate time of her fall as well as the corresponding

---

[3] The parties presented—and the first hearing justice signed and directed the clerk to enter—a judgment that was captioned "Consent Judgment." Presumably this was in error because no settlement agreement or terms were presented to the first hearing justice; thus, there was no need for the parties to consent to entry of judgment. Indeed, because the judgment resolved only claims against the city in this multi-defendant action and the claims against K. Scott remained unresolved, the parties should have moved for entry of final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure before filing a notice of appeal to this Court. *See Bell v. McLaughlin*, 315 A.3d 949, 951 (R.I. 2024) (mem.) ("This Court has clearly stated that the purpose of Rule 54(b) is to avoid piecemeal appeals." (quoting *Mateo v. Davidson Media Group Rhode Island Stations, LLC*, 310 A.3d 861, 865 (R.I. 2024))). However, now that summary judgment has entered in favor of *both* the city and K. Scott, we will treat that appeal as proper.

[4] On June 30, 2022, after it failed to respond, default was entered against K. Scott; later, default was vacated by stipulation of the parties.

ambulance report, make it clear that the alleged fall occurred at some time *before* 3:00 PM on February 12, 2019. * * * In its response to Defendant K. Scott's Request for Admissions, the City of Providence admits that it did not authorize K. Scott to begin snow and sand removal services until *after* 6:00 PM on February 12, 2019."

For support, K. Scott relied on a written document that it said controlled its arrangement with the city for snow and ice removal: "Providence School Department Snow Removal and Sanding Contract for 2016-2019/3 Year Contract/With Two-One Year Options."[5]   This document stated:

> "**Notification:** The Providence School Department representative authorized by the Superintendent shall monitor snowfall reports and shall place each contractor on alert and shall authorize the start of snow removal operations. The contractor will notify his own personnel and shall ready his own equipment.   In general, the objective is to prepare all schools so that they will open on time."

K. Scott also submitted: (1) invoices for such services rendered; (2) a notarized affidavit from its president; and (3) the city's response to its request for admissions, which acknowledged that it "entered into a contract * * * for snow and ice removal services with K. Scott" and attached the same contract.  Second, K. Scott argued that it was entitled to summary judgment because neither the city nor K. Scott owed a

---

[5] The plaintiff disputed that this document was a legal contract that bound the parties. The second hearing justice determined that "a valid contract existed between K. Scott and the City and that the parties agreed to and intended to be bound by its terms."

duty to plaintiff at the time that she fell, pursuant to the Connecticut Rule. It averred that, because the first hearing justice had previously decided that the Connecticut Rule applied in the context of the city's liability, the law-of-the-case doctrine applied, and K. Scott should also be spared from liability. The plaintiff objected to K. Scott's motion for summary judgment and filed a supporting memorandum.

A second justice of the Superior Court (the second hearing justice) heard oral argument on the motion and objection on January 5, 2024. The second hearing justice then issued a bench decision, ruling that K. Scott did not owe a duty to plaintiff and, ultimately, granting its motion for summary judgment. The plaintiff filed an appeal the same day. An order granting summary judgment entered on January 10, 2024. On February 5, 2024, an order was entered that granted K. Scott's motion for a separate and final judgment pursuant to Rule 54(b). On February 9, 2024, a judgment was entered for K. Scott.

## II

### Standard of Review

"This Court reviews *de novo* a hearing justice's decision granting summary judgment." *Bronhard v. Thayer Street District Management Authority*, 326 A.3d 178, 183 (R.I. 2024) (quoting *Bennett v. Steliga*, 300 A.3d 558, 567 (R.I. 2023)). "Examining the case from the vantage point of the hearing justice who passed on the

motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party." *Id.* (quoting *Bennett*, 300 A.3d at 567).

## III

## Discussion

Prior to the cases being consolidated, plaintiff filed a statement in each appeal pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. We address the arguments involving each defendant separately.

## The City

In her appeal from summary judgment in favor of the city, plaintiff submits that the first hearing justice erred in designating her status as an invitee and therefore determining that the Connecticut Rule applied.[6] In the alternative, she contends that, if she were an invitee and the Connecticut Rule applied, the first hearing justice erred by holding the city not liable because she fell on ice that existed before the snowstorm. According to plaintiff, a jury could draw a reasonable inference that "the ice had ample time to form prior to and independent of the snowstorm," and therefore the city breached its duty "to melt said ice after a reasonable time had passed from its formation."

---

[6] Counsel for plaintiff conceded at oral argument that plaintiff was a business invitee and that the Connecticut Rule is applicable; therefore, we need not address this argument.

The plaintiff further argues that the exception to the Connecticut Rule, recognized by this Court in *Terry v. Central Auto Radiators, Inc.*, 732 A.2d 713 (R.I. 1999), should apply. Specifically, she asserts that "the City of Providence actively required Mrs. Roman's daughter's compulsory attendance in school on a day when all of the weather forecasts clearly stressed dangerous conditions" and that requirement "created a ripple effect which exacerbated and increased the risk of Mrs. Roman's slip and fall." Finally, plaintiff avers that the first hearing justice erred by not providing plaintiff with an opportunity to make an oral argument.

In response, the city argues that the first hearing justice "did not err when he applied the Connecticut Rule and granted summary judgment in favor of the [c]ity" and that he properly determined plaintiff's status as a "business invitee" pursuant to Rhode Island caselaw. The city additionally contends that the unusual circumstances exception to the Connecticut Rule does not apply to the facts of this case. Finally, the city submits that the first hearing justice "did not err by not entertaining oral arguments."

We begin by addressing plaintiff's argument that the hearing justice erred by not providing plaintiff with an opportunity to make an oral argument. In making this argument, plaintiff does not cite to any caselaw or rule to support her contention. This Court has held that "[t]he decision as to whether or not to hold a hearing and allow oral argument is within the discretion of the court, and there is no abuse of

discretion when the complaining party can 'point to no single, definable aspect of its position which could not have been adequately presented by a written submission' * * *." *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 188 (R.I. 2008) (quoting *Domegan v. Fair*, 859 F.2d 1059, 1065 (1st Cir. 1988)). Indeed, because plaintiff had the opportunity to object to the city's motion for summary judgment and to submit a written memorandum in support of her position, we hold that the first hearing justice did not err by presenting his decision without first hearing oral argument on the matter.

We turn next to the merits of plaintiff's argument. "The moving party bears the initial burden of demonstrating the absence of questions of material fact." *Riccitelli v. Town of North Providence by and through Vallee*, 308 A.3d 977, 983 (R.I. 2024) (quoting *Mills v. State Sales, Inc.*, 824 A.2d 461, 467 (R.I. 2003)). "The existence of a legal duty and the application of the Connecticut Rule are questions of law, properly decided by the Court." *Allen v. Sitrin*, 315 A.3d 288, 292 (R.I. 2024). "Pursuant to this rule, we recognize that a landlord or a business invitor has a duty to 'use reasonable care to see that the common areas are kept reasonably safe from the dangers created by an accumulation of snow and ice which is attributed to purely natural causes.'" *Id.* (quoting *Fuller v. Housing Authority of City of Providence*, 108 R.I. 770, 772, 279 A.2d 438, 440 (1971)).

"Therefore, 'an accumulation of ice or snow upon those portions of the premises reserved for the common use may make the business invitor liable for injuries sustained by his invitee which are due to such an accumulation.'" *Allen*, 315 A.3d at 293 (brackets and deletions omitted) (quoting *Fuller*, 108 R.I. at 774, 279 A.2d at 441). "However, 'to require a landlord or other invitor to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical.'" *Id.* (quoting *Berardis v. Louangxay*, 969 A.2d 1288, 1293 (R.I. 2009)). "Therefore, a business invitor has 'a reasonable time after the storm has ceased to remove the accumulation of snow or ice found on the common ways or to take such measures as will make the common areas reasonably safe from the hazards arising from such a condition.'" *Id.* (quoting *Fuller*, 108 R.I. at 774, 279 A.2d at 441).

Here, we need not address the parties' arguments as to the Connecticut Rule because it appears that a question of material fact remains as to the cause of plaintiff's fall. Although it is undisputed that the storm had commenced at the time that plaintiff slipped and fell, it is unclear from plaintiff's deposition testimony and interrogatories whether she slipped and fell because of preexisting ice or because of freshly accumulated snow from the ongoing snowstorm. Indeed, in her responses to interrogatories, plaintiff said that she "slipped and fell on ice which was hidden/covered by snow." Furthermore, plaintiff alleges that she fell on preexisting

- 12 -

ice that was present *prior* to the start of the snowstorm, meaning that it was not caused by the snowstorm that day. *See Aubin v. MAG Realty, LLC*, 161 A.3d 1143, 1146 n.1 (R.I. 2017) (holding Connecticut Rule did not apply because plaintiff slipped on black ice that had formed the previous night instead of freshly accumulated snow).

Accordingly, we hold that the first hearing justice erred in granting the city's motion for summary judgment because a material fact remains as to the cause of plaintiff's fall and, ultimately, as to whether the city owed a duty to plaintiff.

### K. Scott

On appeal, plaintiff contends that the second hearing justice erred in granting summary judgment in favor of K. Scott. Specifically, plaintiff first argues that the second hearing justice erred by engaging in multiple fact-finding determinations. Second, plaintiff contends that the second hearing justice erred by expanding the scope of the Connecticut Rule to third-party contractors. Third, she argues that the second hearing justice erred by applying the law-of-the-case doctrine to preclude liability against K. Scott. Finally, plaintiff submits that the second hearing justice erred by not disclosing that he had a conflict of interest in the case.

In response, K. Scott argues that the second hearing justice "correctly found [that] K. Scott did not owe a duty of care to plaintiff at the time of the incident." K.

- 13 -

Scott further submits that the second hearing justice did not abuse his discretion in applying the law-of-the-case doctrine.

We begin by addressing plaintiff's contention that the second hearing justice "abused his discretion by not disclosing his conflict of interest." This argument is unavailing and was not raised below; therefore, we deem it waived. *See Rhode Island Housing and Mortgage Finance Corporation v. Gordon*, 275 A.3d 559, 565 (R.I. 2022) (holding that the respondent waived her argument that the hearing justice should have recused himself by not raising the issue in Superior Court).

Turning to the merits, we are of the opinion that the second hearing justice did not err in granting summary judgment in favor of K. Scott. Indeed "a defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff." *Wells v. Smith*, 102 A.3d 650, 653 (R.I. 2014) (brackets omitted) (quoting *Brown v. Stanley*, 84 A.3d 1157, 1162 (R.I. 2014)). "Whether a defendant is under a legal duty in a given case is a question of law." *Id.* (quoting *Willis v. Omar*, 954 A.2d 126, 129 (R.I. 2008)). "If the court determines that no duty exists, 'then the trier of fact has nothing to consider and a motion for summary judgment must be granted.'" *Id.* (quoting *Soave v. National Velour Corp.*, 863 A.2d 186, 188 (R.I. 2004)).

We are not persuaded by plaintiff's contention that the second hearing justice "abused his discretion by finding that 'there was no doubt' a valid contract which

- 14 -

existed between K. Scott Construction and [the] City of Providence." The plaintiff presented no evidence to the contrary and instead suggests that K. Scott and the city had an "oral agreement" for snow and ice removal.

Before the Superior Court, K. Scott established its agreement with the city by providing (1) a copy of its contract with the city, entitled "Providence School Department Snow Removal and Sanding Contract for 2016-2019/3 Year Contract/With Two-One Year Options"; (2) invoices for such services rendered; and (3) a notarized affidavit from its president. It additionally provided the city's response to its request for admissions, which acknowledged that the city "entered into a contract * * * for snow and ice removal services with K. Scott" and attached the contract. Indeed, the contract provided by K. Scott required the superintendent's representative to "authorize the start of snow removal operations." Accordingly, we agree with the second hearing justice that "a valid contract existed between K. Scott and the city and that the parties intended to be bound by its terms."

Having established that a valid contract exists between K. Scott and the city for snow and ice removal services, we turn to whether K. Scott owed a duty to plaintiff. The plaintiff's deposition testimony establishes that the alleged fall occurred sometime before 3:30 p.m. on February 12, 2019. In accordance with the contract, the city admitted that K. Scott was not authorized to act until approximately 6:00 p.m. on February 12, 2019, well after the plaintiff's alleged fall. Therefore,

because K. Scott was not authorized to perform its duties under the contract prior to the alleged fall, we hold that the second hearing justice did not err in granting K. Scott's motion for summary judgment because K. Scott did not owe a duty of care to the plaintiff at the time of the incident.

## IV

## Conclusion

For the reasons set forth herein, we vacate the judgment of the Superior Court in favor of the city and affirm the judgment of the Superior Court in favor of K. Scott. The record may be returned to the Superior Court for further proceedings consistent with this opinion.

Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Sara Roman v. The City of Providence et al. |
| **Case Number** | No. 2024-75-Appeal.<br>No. 2024-120-Appeal.<br>(PC 20-8313) |
| **Date Opinion Filed** | April 8, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise<br>Associate Justice Joseph McBurney |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Charles N. Garabedian, Esq. |
| | For Defendants:<br><br>Charles N. Redihan, III, Esq.<br>Jillian H. Barker, Esq. |