June 14, 2018

**Supreme Court**

No. 2017-178-Appeal.
(PC 15-4131)

Russell G. Gross et al.               :

v.                         :

Steven M. Pare et al.               :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Russell G. Gross et al.[1]          :

v.          :

Steven M. Pare et al.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on April 11, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Russell G. Gross (plaintiff or Gross), appeals from a final judgment granting the motion of the defendants, Steven M. Pare, William Trinque, and James J. Lombardi (defendants or the city), for summary judgment.  After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument.  We affirm the judgment of the Superior Court.

**Facts and Travel**

At the time of the incident from which the instant case stems, plaintiff was a lieutenant with the department of communications in the Providence Fire Department.  On March 13, 2015, defendant Trinque, who was director of the department of communications, allegedly berated plaintiff for allowing one of his dispatchers to be sprawled in his chair while on duty.  The

---

[1] The plaintiff's complaint and amended complaint list plaintiff's parents, Russell K. Gross and Jessie Gross, as co-plaintiffs due to the nature of plaintiff's loss-of-consortium claim.  However, plaintiff voluntarily dismissed that claim at a hearing in Superior Court on February 16, 2017.

plaintiff alleged that Trinque asked the dispatcher, "Are you comfortable?" in a discourteous tone, to which the dispatcher allegedly responded, "Now that you mention it Director, not really." Trinque then allegedly yelled, "Sit up!" to the dispatcher. Shortly thereafter, Trinque summoned plaintiff to his office to discuss the incident, and the two engaged in a contentious conversation. On that same day, Trinque prepared and presented an interoffice memorandum to defendant Pare, the public safety commissioner, detailing the incident. Commissioner Pare ordered plaintiff's transfer from the department of communications to the division of training for four weeks, effective March 29, 2015. On June 30, 2015, plaintiff became ill with head pains and an elevated blood pressure, which he contends was due to the actions taken by defendants. On July 2, 2015, while plaintiff was absent from work due to his illness, Pare demoted him from the rank of lieutenant to the rank of firefighter, effective July 5, 2015. Following plaintiff's transfer and demotion, he filed two grievances against the city, arguing that the city violated the applicable collective bargaining agreement (CBA) by transferring and demoting plaintiff. These grievances were settled at arbitration for a monetary payment. The plaintiff retired on February 16, 2016.

On September 23, 2015, plaintiff filed an action in Superior Court and later filed an amended complaint alleging intentional infliction of emotional distress, negligent infliction of emotional distress, loss of consortium, and invasion of privacy.[2] The city moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure on November 16, 2016, arguing that: (1) plaintiff failed to allege any facts demonstrating that defendants' conduct was extreme and outrageous; (2) plaintiff failed to assert facts supporting

---

[2] The plaintiff later moved to file a second amended complaint, but this motion was denied by the Superior Court on September 16, 2016. The plaintiff then petitioned this Court for writ of certiorari to review the Superior Court order, and this Court denied plaintiff's petition on May 17, 2017.

his claim for negligent infliction of emotional distress because he was neither in the "zone of danger" nor a bystander who witnessed a close relative being injured; and (3) plaintiff could not recover for invasion of privacy because he did not allege that the city had published a false or fictitious fact about him. The plaintiff filed an objection to the motion, to which he attached documents that were not part of the complaint. He asked the hearing justice to convert the city's motion to dismiss to a motion for summary judgment because he had submitted documents outside the four corners of the complaint. A hearing was held on the city's motion to dismiss on February 16, 2017, and the hearing justice treated the motion as one for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. At this hearing, plaintiff voluntarily dismissed his loss-of-consortium claims, but he maintained that the city's conduct was extreme and outrageous and that his invasion-of-privacy claim was viable because the city portrayed him as being unfit for duty. The hearing justice rendered a bench decision in which she characterized the case at bar as "simply a workplace dispute, a difference of opinions as to whether or not someone was adequately performing their job." The hearing justice granted summary judgment in favor of defendants on all counts of plaintiff's amended complaint, stating:

> "In reviewing the complaint as well as the attached exhibits the plaintiff has submitted, I do not find that plaintiff has, in fact, demonstrated the existence of extreme and outrageous behavior on the part of the defendants such that it would result in liability. * * *
>
> "* * *
>
> "With respect to the negligent infliction of emotional distress, * * * there's no evidence to establish that this theory of recovery would be appropriate, anything that would suggest that Mr. Gross was in the zone of danger of the defendants' negligent acts, or that he was a bystander to a related victim's injury resulting from negligent acts of the defendant.

"Finally, with respect to the invasion of privacy claim, * * * plaintiff[s] provide no evidence that suggests defendants published a false or fictitious fact about him."

Final judgment entered in favor of defendants on March 13, 2017, and plaintiff timely appealed.

On appeal, plaintiff alleges that the hearing justice impermissibly engaged in fact-finding when she issued her bench decision. The plaintiff also argues that material questions of fact precluded summary judgment; specifically, plaintiff asserts that defendants colluded to deprive him of his constitutional rights and that he was forced to resign after twenty-five years of service due to his illnesses, which he contends were a result of defendants' actions.

**Standard of Review**

This Court reviews a trial justice's decision granting summary judgment *de novo. See Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012); *Lynch v. Spirit Rent-A-Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009). Moreover, "[s]ummary judgment is appropriate only when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" *Sola*, 45 A.3d at 506 (quoting *Plunkett v. State*, 869 A.2d 1185, 1187 (R.I. 2005)). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'prove[s] the existence of a disputed issue of material fact[.]'" *Sullo v. Greenberg*, 68 A.3d 404, 407 (R.I. 2013) (quoting *Mutual Development Corp. v. Ward Fisher & Co.*, 47 A.3d 319, 323 (R.I. 2012)).

**Analysis**

In this case, we are confronted with a straightforward workplace dispute that has been the subject of arbitration in accordance with the CBA and resulted in a substantial settlement.

Nevertheless, we address the merits of plaintiff's claims. In his amended complaint, plaintiff alleges a claim for intentional infliction of emotional distress based on his transfer and demotion. The hearing justice agreed with defendants' contention that, even when viewing all the evidence in plaintiff's favor, plaintiff has failed to allege any conduct by the city that was extreme or outrageous. We agree.

In order to impose liability on a defendant for intentional infliction of emotional distress:

> "(1) the conduct must be intentional or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be *extreme and outrageous*, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress in question must be severe." *Swerdlick v. Koch*, 721 A.2d 849, 862 (R.I. 1998) (emphasis added) (quoting *Champlin v. Washington Trust Co. of Westerly*, 478 A.2d 985, 989 (R.I. 1984)).

Furthermore, "this Court has required at least some proof of medically established physical symptomatology for both intentional and negligent infliction of mental distress." *Id.* at 863. This Court has adopted Restatement (Second) *Torts* § 46 cmt. *d* (1965), which provides, in pertinent part:

> "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. *Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"* (Emphasis added); *see also Swerdlick*, 721 A.2d at 862; *Champlin*, 478 A.2d at 988.

In the case at bar, plaintiff has failed to allege any conduct suggestive of extreme or outrageous behavior by any defendant. In his amended complaint, plaintiff alleges that

- 5 -

defendant Trinque "criticized and berated said plaintiff for his performance in plaintiff's capacity as a lieutenant due to said co-defendant's ill perceived determination and conclusion that said plaintiff failed to 'do his duty.'" Although Trinque may have berated plaintiff, there is nothing in the record that suggests that any conduct by any defendant was so extreme or outrageous such that it was "beyond all possible bounds of decency"; "utterly intolerable in a civilized community"; or would lead someone to exclaim "Outrageous!" Restatement (Second) *Torts* § 46 cmt. *d*; *Swerdlick*, 721 A.2d at 863. Simply put, the incident at the crux of plaintiff's claims was a workplace dispute. Although we need not delve into the remaining elements of a claim for intentional infliction of emotional distress—having concluded that defendants' conduct was neither outrageous nor extreme—we note that plaintiff has not provided any evidence of "a causal connection between the wrongful conduct and the emotional distress[.]" *Swerdlick*, 721 A.2d at 862 (quoting *Champlin*, 478 A.2d at 989). Accordingly, we conclude that the hearing justice properly granted summary judgment in favor of defendants on plaintiff's claim of intentional infliction of emotional distress.

Likewise, plaintiff's claim for negligent infliction of emotional distress is without merit. It is well settled that "[o]nly two classes of persons may bring claims for negligent infliction of emotional distress: those within the 'zone-of-danger' who are physically endangered by the acts of a negligent defendant, and bystanders related to a victim whom they witness being injured." *Jalowy v. Friendly Home, Inc.*, 818 A.2d 698, 710 (R.I. 2003). In order to establish a prima facie claim under the "zone-of-danger" theory, a plaintiff must be in close proximity to the accident to create the potential of physical harm. *See Marchetti v. Parsons*, 638 A.2d 1047, 1049 (R.I. 1994). In order to succeed under the "bystander" theory, a plaintiff must actually witness the accident that caused his or her emotional distress and "(1) be a close relative of the victim, (2) be

present at the scene of the accident and be aware that the victim is being injured, and (3) as a result of experiencing the accident, suffer serious emotional injury that is accompanied by physical symptomatology." *Marchetti*, 638 A.2d at 1052.

The plaintiff in this case does not fall within the zone-of-danger theory or the bystander theory in order to impose liability on defendants for negligent infliction of emotional distress. The plaintiff was not in close proximity to a traumatic event of any kind, nor did he witness such an event in which a close relative was injured. *See Marchetti*, 638 A.2d at 1049-50. Moreover, plaintiff's claim of negligent infliction of emotional distress is fundamentally flawed due to the fact that plaintiff's allegations are predicated on the *intentional* acts of defendants. There is no suggestion of negligence in the record before this Court, and plaintiff has not alleged any negligence on the part of defendants as the basis for his claim of negligent infliction of emotional distress. Accordingly, the hearing justice appropriately granted summary judgment in favor of defendants on plaintiff's claim of negligent infliction of emotional distress.

Lastly, the plaintiff included a claim for invasion of privacy and cited to G.L. § 9-1-28.1(a)(4), the right-to-privacy statute. Section 9-1-28.1(a)(4) provides for "[t]he right to be secure from publicity that reasonably places another in a false light before the public[.]" That section provides further that:

> "(i) In order to recover for violation of this right, it must be established that:
>
>> "(A) There has been some publication of a false or fictitious fact which implies an association which does not exist;
>>
>> "(B) The association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances;

"(ii) The fact which was disclosed need not be of any benefit to the discloser."  Section 9-1-28.1(a)(4).

Similarly, the plaintiff's arguments regarding this claim are of no moment.  The plaintiff alleges a violation of § 9-1-28.1(a)(4), yet he fails to set forth the publication of any false or fictitious fact by any defendant.  The plaintiff's transfer and demotion were a matter of public knowledge; however, the plaintiff can only point to interoffice memoranda between defendants Trinque and Pare in support of his claim.  More importantly, the plaintiff himself acknowledged that the events upon which his § 9-1-28.1(a)(4) claim is premised *actually occurred*; therefore we cannot logically conclude that any publication regarding the dispute at issue was false or fictitious.  The plaintiff's invasion-of-privacy claim therefore must fail as a matter of law.

## Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court granting summary judgment in favor of the defendants on all counts of the plaintiff's complaint.  The papers may be returned to the Superior Court.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
| --- | --- |
| **Title of Case** | Russell G. Gross et al.  v. Steven M. Pare et al. |
| **Case Number** | No. 2017-178-Appeal.<br>(PC 15-4131) |
| **Date Opinion Filed** | June 14, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Donald R. Lembo, Esq.<br>For Defendants:<br><br>Etie-Lee Z. Schaub, Esq.<br>Kenneth B. Chiavarini, Esq.<br>Megan K. DiSanto, Esq. |

SU-CMS-02A (revised June 2016)