June 30, 2021

**Supreme Court**

No. 2020-33-Appeal.
(PB 11-1922)

Commerce Park Realty, LLC, et al.    :

v.    :

HR2-A Corp. as General Partner of    :
 HR2-A Limited Partnership et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Commerce Park Realty, LLC, et al.    :

v.    :

HR2-A Corp. as General Partner of    :
  HR2-A Limited Partnership et al.

Present:  Suttell, C.J., Goldberg, Robinson, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**   The case before us involves complex and protracted litigation surrounding usurious loans between commercial borrowers and lenders.  This opinion is one of two companion cases issued today.

In the first appeal (No. 19-468-A.) (the RFP defendants' appeal), defendants HR2-A Corp., HR4-A Corp., MR4A-JV Corp., and Realty Financial Partners (collectively, RFP defendants) appealed from the grant of partial summary judgment in favor of plaintiffs Commerce Park Realty, LLC; Commerce Park Properties, LLC; Commerce Park Commons, LLC; Commerce Park Associates 4, LLC; and Receiver Matthew McGowan—appointed Permanent Receiver on February 20, 2013, for the four above-referenced limited liability companies (collectively, receivership plaintiffs), and also in favor of plaintiffs Commerce

Park Associates 11, LLC; Dartmouth Commons, LLC; Warwick Village, LLC; Universal Properties Group, Inc.; Nicholas E. Cambio, individually and as Trustee of the Nicholas E. Cambio, Roney A. Malafronte, and Vincent A. Cambio Trust; and Vincent A. Cambio (collectively, Cambio plaintiffs). That grant of partial summary judgment declared that a series of loans made by the RFP defendants carrying interest rates ranging from 26 percent to 36 percent per annum were usurious and null and void. This Court affirmed the decision of the trial justice and denied and dismissed the RFP defendants' appeal. *See Commerce Park Realty, LLC v. HR2-A Corp.*, No. 19-468-A., 2021 WL ____, ___A.3d___ (R.I., filed June 30, 2021).

The second appeal (No. 20-33-A.), addressed herein, flows from the trial justice's grant of summary judgment and is a cross-appeal by the Cambio plaintiffs, seeking review of secondary determinations made by the Superior Court that coincided with the finding that the loans were usurious. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

### Facts and Travel[1]

The genesis of this complex commercial-loan saga is a series of loans issued by RFP defendants HR2-A Corp. and HR4-A Corp. to receivership plaintiffs and

---

[1] A detailed discussion of the underlying case is recited in the companion case, *Commerce Park Realty, LLC v. HR2-A Corp.*, No. 19-468-A., 2021 WL ____, ___A.3d___ (R.I., filed June 30, 2021), and need not be repeated herein.

Cambio plaintiffs beginning in 1997.[2]  The loans were secured by mortgages over hundreds of acres of property owned by receivership plaintiffs located in West Greenwich, East Greenwich, and Coventry, Rhode Island.[3]  The loans were not repaid.

On April 11, 2011, RFP defendants exercised their right to demand payment on the loans.  Three days before the demand, however, receivership plaintiffs and Cambio plaintiffs filed a Superior Court verified complaint against RFP defendants, seeking, *inter alia*, judgment against RFP defendants for violation of G.L. 1956 § 6-26-2, Rhode Island's usury statute.[4]  This litigation has been pending ever since.

In October through December 2014, cross-motions for partial summary judgment on a number of issues were filed by all parties.  Primarily, the parties sought a declaration as to whether certain loans at issue were usurious.  In conjunction with those motions, RFP defendants sought a declaratory ruling on

---

[2] The receivership plaintiffs did not enter into receivership until 2013.  We nonetheless refer to them as "receivership plaintiffs" throughout this opinion for ease of reference.

[3] The loans were for the development of the so-called "Centre of New England project," which comprises retail, restaurant, hotel, multifamily residential, light industrial, and mixed-use developments.

[4] On April 20, 2011, this case was removed to the United States District Court for the District of Rhode Island.  On September 18, 2013, the case was remanded back to the Superior Court.

usury claim entitlement, that, if certain loans were deemed usurious, Cambio plaintiffs were not entitled to disgorgement payments under § 6-26-4(c)—the statute penalizing usurious contracts (the RFP entitlement motion).[5]  Following hearings on the cross-motions for summary judgment and the RFP entitlement motion, the trial justice issued a written decision on June 19, 2019.  Judgment entered on September 19, 2019, and Cambio plaintiffs timely appealed.

Additional facts are set forth *infra* as necessary to the issues relevant to this appeal.

### Standard of Review

"[T]his Court reviews a grant of summary judgment *de novo*." *Ballard v. SVF Foundation*, 181 A.3d 27, 34 (R.I. 2018) (quoting *Sullo v. Greenberg*, 68 A.3d 404, 406 (R.I. 2013)).  "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party[.]" *Id.* (brackets omitted) (quoting *Sullo*, 68 A.3d at 406).  If we determine that "there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* (brackets omitted) (quoting *Sullo*, 68 A.3d at 407).  "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to

---

[5] The RFP entitlement motion was structured as a summary-judgment motion and sought dismissal of Cambio plaintiffs' claims for compensatory damages.

produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (brackets and deletion omitted) (quoting *Sullo*, 68 A.3d at 407). "In the absence of a credible showing of the existence of material facts, summary judgment is warranted." *Id.*

## Analysis

On appeal, Cambio plaintiffs submit four assignments of error: (1) the trial justice erred in concluding that Cambio plaintiffs were not entitled to disgorgement payments on certain usurious loans; (2) the trial justice erred in dismissing Cambio plaintiffs' claims for punitive damages concerning certain usurious loans; (3) the trial justice erred in allowing RFP defendants to seek and obtain summary judgment on counts that were previously stayed; and (4) the trial justice misapplied the statute of limitations to Cambio plaintiffs' claims for criminal usury under G.L. 1956 § 9-1-2. We address each contention in turn.

## The Loans

On December 11, 2000, RFP defendants, receivership plaintiffs, and Cambio plaintiffs executed loan documents, two of which were backdated to August 1, 2000, for the amounts of $14,320,000 ($14 million loan) and $7,599,333 ($7 million loan), respectively. The Cambio plaintiffs were named borrowers along with receivership plaintiffs on the $14 million loan and were guarantors of the $7 million loan. As of August 1, 2000, RFP defendants began charging a 36-

percent effective annual interest rate on the $14 million loan and a 26-percent effective annual interest rate on the $7 million loan. On December 11, 2000, and March 28, 2003, RFP defendants issued additional loans in the principal amounts of $4,300,000 ($4.3 million loan) and $350,000 ($350K loan) and charged interest rates of approximately 23 percent.

The $14 million loan and $7 million loan were declared usurious by the trial justice, and we affirmed that decision today. *See Commerce Park Realty, LLC*, No. 19-468-A., 2021 WL ____, ___A.3d at___. For purposes of Cambio plaintiffs' appeal of the dismissal of the disgorgement claims, we are concerned only with the $14 million loan.

### Disgorgement Under G.L. 1956 § 6-26-4(c)

In November 2014, three years after the commencement of this action, RFP defendants filed the RFP entitlement motion for summary judgment on Cambio plaintiffs' claims seeking money damages related to the $14 million loan and $7 million loan (the disgorgement claims).[6]

In her June 19, 2019 decision, the trial justice correctly determined that, under the plain and unambiguous language of § 6-26-4(c), only a named borrower

---

[6] At oral argument on May 7, 2021, Cambio plaintiffs explicitly waived their disgorgement claim under the $7 million loan, conceding that they are not named borrowers on that loan. Accordingly, we confine our review of this issue to whether Cambio plaintiffs are entitled to disgorgement payments under the $14 million loan.

who made payments on a usurious loan is entitled to disgorgement payments—*i.e.*, compensatory damages under the usury statute.  The trial justice granted the RFP entitlement motion, in part,[7] concluding that because Cambio plaintiffs did not make any payments under the $14 million loan and were not listed as borrowers on the $7 million loan, they were not entitled to disgorgement payments.

On appeal, Cambio plaintiffs contend that the trial justice incorrectly interpreted § 6-26-4(c) and, as a result, erroneously dismissed Cambio plaintiffs' disgorgement claims.  We are therefore confronted with a question of statutory interpretation.

Section 6-26-4(c) reads:

> "Nothing contained in this section shall affect the rights, duties or liabilities of any persons acting under the provisions of title 19, and *if the borrower shall*, either before or after suit, *make any payment* on the contract, either of principal or interest, or of any part of either, and whether to the lender or to any assignee, endorsee, or transferee of the contract, *the borrower shall be entitled to recover from the lender the amount so paid in an action of the case*. Receipts shall be given whenever payments are made of either principal or interest." (Emphasis added.)

This provision of the usury statute allows for recovery of damages in the event that a contract is found to violate the usury statute.

---

[7] In the RFP entitlement motion, RFP defendants also sought summary judgment on Cambio plaintiffs' claim seeking damages relating to the $4.3 million loan.  The trial justice denied summary judgment on that claim because no party had yet moved to find the $4.3 million loan usurious.

The Cambio plaintiffs assert that the word "borrower" in § 6-26-4(c) should be read to include all borrowers on a usurious loan and that, upon any payment on a usurious loan, reimbursement is due to "borrowers" generally, not just the borrowers who actually made payment. In other words, Cambio plaintiffs submit that, under § 6-26-4(c), so long as one named borrower makes a payment on a usurious loan, all named borrowers may share in the disgorgement payments. We reject this contention.

This Court conducts *de novo* review of questions of statutory interpretation. *Iselin v. Retirement Board of Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996).[8] Moreover, "[i]n matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001). "The Legislature is presumed to have intended each word or provision of a statute to express a significant meaning, and

---

[8] Conversely, when confronted with an ambiguous statute, this Court employs principles of statutory construction and examines the statute in its entirety in order to discern "the intent and purpose of the Legislature." *State v. Peterson*, 722 A.2d 259, 264 (R.I. 1998) (quoting *In re Advisory to the Governor (Judicial Nominating Commission)*, 668 A.2d 1246, 1248 (R.I. 1996)).

the Court will give effect to every word, clause, or sentence, whenever possible." *State v. Clark*, 974 A.2d 558, 571 (R.I. 2009) (brackets omitted) (quoting *State v. Bryant*, 670 A.2d 776, 779 (R.I. 1996)).

After applying this well-settled statutory framework, we are of the opinion that § 6-26-4(c) contains no ambiguity and, therefore, we apply the language of the statute in accordance with its plain and ordinary meaning. Section 6-26-4(c) dictates that "if the borrower shall * * * make any payment on the contract, either of principal or interest, * * * the borrower shall be entitled to recover from the lender the amount so paid in an action of the case." Upon review of this phraseology, we conclude that this provision postulates two threshold requirements for a party to be entitled to disgorgement payments: (1) the party must be a named "borrower" on the usurious loan, and (2) that named borrower must "make any payment" to the lender—irrespective of whether value is rendered directly or indirectly. *See id.* If both of these conditions are met, the borrower is "entitled to recover from the lender the amount so paid[.]" *See id.*

Thus, our analysis is straightforward. It is undisputed that Cambio plaintiffs were co-borrowers with receivership plaintiffs only on the $14 million loan, but they were not co-payors. The Cambio plaintiffs did not make any payment—

directly or indirectly—on the $14 million loan.[9] Nor do they contend otherwise before this Court. Simply put, Cambio plaintiffs may not receive reimbursement for payments that were never made; nor should Cambio plaintiffs and receivership plaintiffs be accorded equal treatment when the evidence clearly demonstrates that only receivership plaintiffs made usurious payments to RFP defendants. *See* discussion *supra* at footnote 9. We therefore conclude that because there is no evidence in the record of a payment made by Cambio plaintiffs in accordance with § 6-26-4(c)—a factual predicate in this instance—there is no "amount so paid" for them to recover. *See* § 6-26-4(c).

Adopting Cambio plaintiffs' proposed interpretation of the statute would require us to "broaden statutory provisions by judicial interpretation[,]" which this

---

[9] In the Superior Court, RFP defendants produced detailed records identifying each transaction pertaining to the $14 million loan, including a schedule of payments, summary of payments, and schedule of escrow payments. The Cambio plaintiffs did not contest that this production of documents outlined each payment made on the $14 million loan. The trial justice found that these documents show that receivership plaintiffs made payments to RFP defendants on the $14 million loan mostly through sale and financing transactions with third parties. Specifically, third parties would make payments to RFP defendants in exchange for the conveyance of land owned by one or more receivership plaintiff. In consideration of the payments made by third parties to RFP defendants for the various parcels of land, RFP defendants released their mortgage on those parcels and credited the payment towards receivership plaintiffs' total indebtedness. As such, receivership plaintiffs rendered value to RFP defendants through transactions involving real estate conveyances. The Cambio plaintiffs do not contend that the trial justice erred in determining that these transactions constituted payments under § 6-26-4(c). Significantly, Cambio plaintiffs were not credited with any of these payments because they did not own any of the real estate that was being conveyed.

- 10 -

Court steadfastly declines to do "unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute." *Iselin*, 943 A.2d at 1049, 1050 (quoting *State v. Santos*, 870 A.2d 1029, 1032 (R.I. 2005)). The language of § 6-26-4(c) plainly shows that the Legislature assigned the right to recover disgorgement payments to those borrower(s) who made payments. The Cambio plaintiffs, who paid nothing toward the $14 million loan, simply do not meet the requirements set forth in § 6-26-4(c) to recover disgorgement payments.

This conclusion is harmonious with the public policy behind Rhode Island's usury statute, which is to protect the borrower. *See NV One, LLC v. Potomac Realty Capital*, *LLC*, 84 A.3d 800, 809 (R.I. 2014) (declaring the public policy behind Rhode Island's usury statute: "For protection of the borrower, it is incumbent upon the lender to ensure full compliance with the provisions for maximum rate of interest, and * * * anything short of full compliance renders the transaction usurious and void.").

We therefore affirm the trial justice's grant of summary judgment in favor of RFP defendants on Cambio plaintiffs' disgorgement claims.

**Punitive Damages**

After ruling that Cambio plaintiffs are not entitled to disgorgement payments (*i.e.*, compensatory damages) under the usury statute, the trial justice necessarily

concluded that they could not maintain a claim for punitive damages, which must be supported by an award of compensatory damages. On appeal, Cambio plaintiffs assert that, because the trial justice erroneously ruled that they were not entitled to disgorgement payments, she likewise erroneously ruled that they were not entitled to seek punitive damages against RFP defendants under the usury statute.

"This Court has repeatedly declared that punitive damages are severely restricted under Rhode Island law." *Mark v. Congregation Mishkon Tefiloh*, 745 A.2d 777, 779 (R.I. 2000). "The standard in Rhode Island for imposing punitive damages is rigorous and will be satisfied only in instances wherein a defendant's conduct requires deterrence and punishment over and above that provided in an award of compensatory damages." *Id.* (quoting *Palmisano v. Toth*, 624 A.2d 314, 318 (R.I. 1993)).

An award of punitive damages is in addition to an award of compensatory damages; thus, the trial justice properly determined that punitive damages must be supported by an award of compensatory damages. Because we affirm the trial justice's determination that Cambio plaintiffs do not meet the requirements set forth in § 6-26-4(c) to recover disgorgement payments, we also affirm her

dismissal of Cambio plaintiffs' claims for punitive damages, as those claims fail as a matter of law.[10]

## The Stayed Counts

In June 2014, more than three years after the filing of the original complaint, Cambio plaintiffs and receivership plaintiffs jointly filed a motion to amend their respective claims. The proposed amended complaint contained fifty-three causes of action—forty-one counts brought by Cambio plaintiffs and twelve brought by receivership plaintiffs.[11]

In September 2014, the trial justice entered a scheduling order, which permitted certain counts of the amended complaint to proceed to resolution and stayed the remaining counts pending final adjudication of the permitted counts. On December 15, 2017, the trial justice entered another scheduling order, which further modified the bifurcated counts of the amended complaint: That order identified the active counts under which litigation was allowed to proceed, the stayed counts, and those counts that were subject to expedited discovery. Notably,

---

[10] We note, however, that Counts XXXII, XXXIII, and XXXIV, brought under the Racketeer Influenced and Corrupt Organizations Act, G.L. 1956 chapter 15 of title 7 (the RICO counts), remain active in this litigation; to the extent punitive damages are allowed, Cambio plaintiffs' claims for punitive damages on the RICO counts remain viable.

[11] This constituted the fifth amended complaint.

this later scheduling order permitted some of the stayed counts set forth in the previous scheduling order to proceed to litigation.

On appeal, Cambio plaintiffs assert that, in her June 19, 2019 decision, the trial justice erroneously ruled on certain counts of the amended complaint that had been stayed. The Cambio plaintiffs assign error to the trial justice's ruling on four counts that were stayed pursuant to the December 15, 2017 scheduling order— three counts seeking a constructive trust on the usurious loans (Counts XLIII, XLIV, and XLV) and one count alleging unlawful foreclosure on the Centre of New England property (Count LIII).[12]

At oral argument, and to their credit, Cambio plaintiffs conceded that these stayed counts would not be viable were this Court to uphold the trial justice's ruling on the disgorgement claims—as we have done herein—because they are inextricably linked to the disgorgement claims. We agree with Cambio plaintiffs' concession; however, we nonetheless proceed to address the merits of this claim.

As to Cambio plaintiffs' claims for a constructive trust, "the underlying principle of a constructive trust is the equitable prevention of unjust enrichment of

---

[12] The trial justice's June 19, 2019 decision denied RFP defendants' motion for summary judgment on Cambio plaintiffs' Count XXXI (punitive damages in relation to the $4 million loan) and Counts XXXII, XXXIII, and XXXIV (the RICO counts), which were stayed pursuant to the December 15, 2017 scheduling order. Because the trial justice ruled in favor of Cambio plaintiffs on these claims, they do not press the reversal of the ruling on the RICO counts; however, they acknowledge that Count XXXI should not have been ruled upon.

one party at the expense of another in situations in which legal title to property was obtained by fraud or in violation of a fiduciary or confidential relationship." *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 111 (R.I. 2005) (brackets omitted) (quoting *Renaud v. Ewart*, 712 A.2d 884, 885 (R.I. 1998) (mem.)).  Here, there can be no unjust enrichment on the part of RFP defendants at the expense of Cambio plaintiffs because Cambio plaintiffs made no payments, nor did they transfer legal title to any property, to RFP defendants.  If a constructive-trust remedy were to exist in this case, it would exist only for those who rendered payment to RFP defendants and were entitled to damages.  Therefore, the conclusion that Cambio plaintiffs are not entitled to damages under § 6-26-4(c) is dispositive of their claims for a constructive trust.

The same holds true for Cambio plaintiffs' claim for unlawful foreclosure. The Cambio plaintiffs were not the owners of the property within the Centre of New England that was subject to foreclosure; at all relevant times, receivership plaintiffs were the record title owners of the property that was encumbered by mortgages subject to RFP defendants' loans.  The Cambio plaintiffs therefore may not assert an unlawful-foreclosure claim because they do not own any of the real estate involved.  *See Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1088 (R.I. 2013) (noting the differences between legal title and equitable title and holding that those with legal title have the right to foreclose on property).

Although the trial justice's ruling on the stayed counts may not have been the best practice, we are of the opinion that any potential procedural error was harmless in consideration of practicality and judicial economy.[13]  Because Cambio plaintiffs' claims for a constructive trust and unlawful foreclosure are necessarily connected to their disgorgement claims—which we hold were properly dismissed—they fail as a matter of law.   A reversal of the trial justice's decision on these counts would only result in undue delay and expense in litigating legally unsustainable claims.   We therefore affirm the trial justice's grant of summary judgment on these counts[14]

### Causes of Action under § 9-1-2 and § 6-26-3

In Counts XXXVII through XL of the amended complaint, Cambio plaintiffs alleged that RFP defendants knowingly and willfully violated the usury statute, such that they are entitled to recover damages pursuant to § 9-1-2 for RFP

---

[13] We pause to note that the fifty-three counts in the fifth amended complaint were designated by Roman numerals—a singular challenge made further complicated by the kitchen-sink variety of the claims.

[14] We likewise affirm the trial justice's denial of summary judgment on Count XXXI (punitive damages in relation to the $4 million loan) and Counts XXXII, XXXIII, and XXXIV (the RICO counts), discussed *supra* at footnote 12, as Cambio plaintiffs should be afforded an opportunity to address those counts on the merits.

defendants' violation of the criminal usury statute.[15]  The RFP defendants moved for summary judgment on these claims based on the ten-year statute of limitations for claims brought under § 9-1-2, and the trial justice granted their motion on those counts.

The trial justice concluded that Cambio plaintiffs' § 9-1-2 causes of action accrued when the parties executed the $14 million loan and $7 million loan in December 2000.  Because the complaint was filed in the Superior Court on April 8, 2011, the trial justice determined that the statute of limitations for Cambio plaintiffs' § 9-1-2 claims had expired.

On appeal, Cambio plaintiffs assert that the trial justice erred in applying the ten-year statute of limitations and by failing to address the continuing tort doctrine.[16]  They assert that the crime of usury existed beyond the day that the

---

[15] General Laws 1956 § 9-1-2, entitled "Civil liability for crimes and offenses[,]" provides, in pertinent part:

> "Whenever any person shall suffer any injury to his or her person, reputation, or estate by reason of the commission of any crime or offense, he or she may recover his or her damages for the injury in a civil action against the offender, and it shall not be any defense to such action that no criminal complaint for the crime or offense has been made[.]"

[16] "The 'continuing tort doctrine' provides that, in certain tort cases involving continuous or repeated injuries, the statute of limitations accrues upon the date of the last injury and that the plaintiff may recover for the entire period of the defendant's negligence * * *." 54 C.J.S. *Limitations of Actions* § 222 at 270.

usurious documents were executed because RFP defendants engaged in multiple acts of charging usurious interest rates under the $14 million loan and $7 million loan, including RFP defendants' April 2011 demand for usurious interest payments.

Fatal to Cambio plaintiffs' challenge is the fact that they did not raise this argument to the trial justice. The RFP defendants moved for summary judgment on Cambio plaintiffs' § 9-1-2 claims in a supplemental memorandum in support of the RFP entitlement motion filed on January 9, 2015. The record reveals that Cambio plaintiffs filed two separate responses to RFP defendants' supplemental memorandum, neither of which addressed the statute of limitations argument concerning those claims; nor do we discern anything in the record from Cambio plaintiffs concerning the continuing tort doctrine.[17] We have consistently declared that "[t]his Court * * * staunchly adhere[s] to the 'raise-or-waive' rule." *Rohena v. City of Providence*, 154 A.3d 935, 938 (R.I. 2017). Thus, "[i]t is well settled that a litigant cannot raise an objection or advance a new theory on appeal if it was not

---

[17] At oral argument, this Court inquired as to whether Cambio plaintiffs properly preserved this argument for appeal. Unable to provide an answer, counsel for Cambio plaintiffs agreed to submit to this Court evidence that the issue was preserved; to no avail—counsel failed to produce any evidence that this argument was raised to the trial justice. Because Article I, Rule 17(a)(4) of the Supreme Court Rules of Appellate Procedure places the burden on the appellant to prepare an appendix containing "[a]ny other part of the record * * * to which the party wishes to direct the particular attention of the Supreme Court[,]" "[w]e will not search the record to substantiate that which a party alleges." *Riley v. Stone*, 900 A.2d 1087, 1098 n.14 (R.I. 2006).

raised before the trial court." *Id.* (quoting *State v. Bido*, 941 A.2d 822, 828-29 (R.I. 2008)).  Consequently, this argument is not properly before us.

Nonetheless, our review of the complaint leads us to the same conclusion as the trial justice.  The Cambio plaintiffs allege that RFP defendants knowingly and willfully violated the criminal usury statute when they "charged retroactive interest at usurious rates[.]"  However, they argued in the Superior Court that the conduct supporting these allegations occurred in December 2000.  Specifically, Cambio plaintiffs asserted that they were seeking relief for "the violation of * * * § 6-26-3 that occurred when the RFP [d]efendants knowingly and willfully charged usurious interest retroactively from the December 11, 2000 closing(s) on the [$14 million loan and $7 million loan] and their knowing and willful backdating of the loan documents for these loans."  We are satisfied that the predicate conduct upon which Cambio plaintiffs relied in asserting their § 9-1-2 claims occurred in December 2000, when RFP defendants executed the loan documents at issue that backdated and charged the retroactive usurious interest rates.

The provision setting forth the statute of limitations for civil actions, including those brought pursuant to § 9-1-2, plainly states, "[e]xcept as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after." Section 9-1-13(a).  Because the cause of action accrued in December 2000, and the complaint was not filed

until April 2011, Cambio plaintiffs' claims under § 9-1-2 are barred by the ten-year statute of limitations set forth in § 9-1-13(a).

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case shall be returned to the Superior Court.


Justice Lynch Prata did not participate.



STATE OF RHODE ISLAND

SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

# OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Commerce Park Realty, LLC, et al. v. HR2-A Corp. as General Partner of HR2-A Limited Partnership et al. |
| **Case Number** | No. 2020-33-Appeal. (PB 11-1922) |
| **Date Opinion Filed** | June 30, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Brian LaPlante, Esq.<br>R. Thomas Dunn, Esq.<br>Richard G. Riendeau, Esq.<br>Michael J. Jacobs, Esq.<br>Thomas M. Dickinson, Esq.<br>John O. Mancini, Esq.<br>Nicole M. Matteo, Esq.<br>Matthew J. McGowan, Esq. |
| | For Defendants:<br><br>Robert D. Wieck, Esq.<br>William J. Delaney, Esq. |